## UNITED STATES ex rel. GREYLOCK MILLS v. BLAIR, Commissioner of Internal Revenue.

(Court of Appeals of District of Columbia. Submitted October 4, 1923. Decided December 3, 1923. Rehearing Denied December 21, 1923.)

### No. 4015.

1. **Internal revenue** &7—Laches held to prevent corporation making income tax returns on fiscal year basis from requiring acceptance of amended returns on calendar year basis.

Where a corporation, under Act Feb. 24, 1919 (Comp. St. Ann. Supp. 1919, § 6336⅛f), filed its income tax return on June 14, 1919, for the fiscal year ending June 30, 1918, and annually thereafter down to and including the year 1922 made returns on the fiscal year basis, its laches will prevent such corporation from securing a writ of mandamus to compel Commissioner of Internal Revenue to accept its amended returns on a calendar year basis for the years 1918 to 1922, inclusive, and to accept returns in the future on that basis.

2. **Mandamus** &7—Writ awarded in exercise of judicial discretion.

A writ of mandamus is awarded, not as a matter of right, but in the exercise of sound judicial discretion, and on equitable principles.

3. **Mandamus** &143(2)—Subject to equitable doctrine of laches.

Mandamus is not within the general statutes of limitation, but is subject to the equitable doctrine of laches.

Appeal from the Supreme Court of the District of Columbia.

Petition for mandamus by the United States, on the relation of the Greylock Mills, against David H. Blair, Commissioner of Internal Revenue. From a judgment denying the petition, petitioner appeals. Affirmed.

John W. Townsend and James Craig Peacock, both of Washington, D. C., for appellant.

Peyton Gordon and Vernon E. West, both of Washington, D. C., for appellee.

Before SMYTH, Chief Justice, ROBB, Associate Justice, and BAILEY, Justice of the Supreme Court of the District of Columbia.

ROBB, Associate Justice. Appeal from a judgment in the Supreme Court of the District, denying appellant's petition for a writ of mandamus to compel the appellee, as Commissioner of Internal Revenue, to accept appellant's amended income and profits tax returns for the calendar years 1918 to 1922, inclusive, and to accept returns in future upon the calendar year basis. An answer was interposed to appellant's petition, to which answer appellant filed certain pleas. Appellee demurred to these pleas, and the demurrer was sustained.

[1] The Income Tax Law of February 24, 1919 (40 Stat. 1057 [Comp. St. Ann. Supp. 1919, § 6336⅛f]), in part provided:

"The net income shall be computed upon the basis of the taxpayer's annual accounting period (fiscal year or calendar year, as the case may be) in accordance with the method of accounting regularly employed in keeping the books of such taxpayer. * * * If the taxpayer's annual accounting period

&For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

is other than a fiscal year, as defined in section 200, or if the taxpayer has no annual accounting period or does not keep books, the net income shall be computed on the basis of the calendar year.

"If a taxpayer changed his accounting period from fiscal year to calendar year, from calendar year to fiscal year, or from one fiscal year to another, the net income shall, with the approval of the commissioner, be computed on the basis of such new accounting period, subject to the provisions of section 226."

Since there was not sufficient time between the date of the passage of this act and March 15, 1919, the date on which a return was required, appellant filed on March 14, 1919, a tentative and cursory return, containing the averment that it was not possible to file a complete return within the time allowed for the following reasons: "No blanks available, and auditors cannot complete work." A request, therefore, was made for an extension of time which was granted. In the tentative return the tax was estimated on the calendar year ending December 31, 1918. The real or complete return was filed on June 14, 1919, for the fiscal year ending June 30, 1918. Annually thereafter, and down to and including the year 1922, as already noted, returns were made upon the fiscal year basis.

It is alleged, and admitted by the demurrer, that the fiscal year basis was first adopted by appellant upon the advice of accountants, based upon their interpretation of the Act of February 24, 1919. It was further alleged by appellant that the annual accounting period upon a calendar year basis clearly reflected its income for that period, and that prior to 1919 it had filed its return on a calendar year basis; that it never requested or received permission of the Commissioner of Internal Revenue to change its annual accounting period from a calendar to a fiscal year basis. It further appears that for many years appellant regularly has closed its books on the last days of March, June, September, and December, has computed its income accurately for each of the quarters indicated, has taken a physical inventory on the last day of each quarter, has ruled down its books on June 30th of each year, and has held its annual stockholders' meeting during the month of July.

No protest or application for leave to change to the calendar year basis was filed by appellant until February, 1922. It is averred that the request then made was based upon a recent ruling of the Committee on Appeals in the Internal Revenue Bureau in another case, in which a corporation had elected to file its return on a calendar year basis. It appearing there that the books of the corporation were ruled down on August 31st, although also closed on December 31st, the Income Tax Unit had sought to require the corporation to file its return upon a fiscal year basis. The ruling was that, under the facts, the corporation was justified in filing its return on the basis of a calendar year, and that it "should not now be permitted or required to change the basis of filing its returns." Appellant's application finally was denied, and this suit filed.

The purpose of the Income Tax Law was the raising of revenue to meet pressing needs of the government. The provisions of this law, at least so far as they relate to the question here in issue, were rea-

sonably free from ambiguity. Whatever may have been the view of the accountants employed by appellant as to the proper interpretation of those provisions, it was the duty of appellant, within a reasonable time, to invoke the discretion of the Commissioner of Internal Revenue, if a change to a calendar year basis was desired. Instead of doing this, however, appellant thereafter filed several returns upon a fiscal year basis and paid its taxes accordingly. It will be apparent, at once, that if taxpayers were to be permitted, several years after voluntarily filing a return upon one basis, to compel the commissioner to accept returns for the same period upon a different basis, endless and needless confusion would result, and the real purpose of the law measurably defeated.

[2, 3] As the Supreme Court has said, the writ of mandamus is awarded, not as a matter of right, but in the exercise of sound judicial discretion and upon equitable principles. It is not within general statutes of limitation, but is subject to the equitable doctrine of laches. Arant v. Lane, 249 U. S. 367, 39 Sup. Ct. 293, 63 L. Ed. 650. Believing that appellant's delay in the present case was so long and inexcusable as to amount to laches, we affirm the judgment, without considering other questions involved.

Affirmed.