NORWICH WOOLEN MILLS CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 23375.   Promulgated November 21, 1929.

*Arnold Markel, Esq.,* for the petitioner.
*Jeff Jones, Esq.,* for the respondent.

## OPINION.

PHILLIPS: The Commissioner gave notice to petitioner that, as provided in section 280 of the Revenue Act of 1926, there was proposed for assessment against it the amount of $1,494.01, constituting its liability as a transferee of the assets of Norwich Woolen Mills Co. for income and profits-tax liability of that company for the period January 1, 1921, to March 7, 1921. The petitioner filed its petition alleging that the determination of the Commissioner was based upon the following errors:

The assumption by the Commissioner of Internal Revenue that the operations from January 1, 1921 to March 7, 1921, were conducted by the Norwich Woolen Mills Co. and its affiliated companies when as a matter of fact these operations were conducted by the Norwich Woolen Mills Corp.

Even if there had been separate operation by th eNorwich Woolen Mills Co. and its affiliated companies for the period from January 1, 1921, to March 7, 1921, these operations would form part of a consolidation for the entire calendar year 1921 and would be taken in the return of the Norwich Woolen Mills Corporation as parent of the consolidated group. Such a consolidated return would be exactly similar to that made already by the Norwich Woolen Mills Corp.

Even if there had been separate operations and no consolidation, the Commissioner of Internal Revenue has prorated the entire income for 1921 in order to arrive at that operat ons chargeable to the period from January 1 to March 7, 1921. In making this proration, the Commissioner has not used the net result for the entire year but has attempted to eliminate from this net result certain losses and calculated the proration on the remaining amount.

The limitation period of four years for the purpose of making additional assessments under the Revenue Act of 1921 has already expired and, therefore, no additional tax can be assessed under the law.

The petitioner is not a transferee of assets as defined in section 280 of the Revenue Act of 1926 and, therefore, the additional year allowed in order to make assessments is not applicable to its case.

The respondent in his answer denied that any error had been committed and set out the facts on which he relied to establish the lia-

bility of petitioner for the deficiency in tax due from the Norwich Woolen Mills Co.

The parties submitted this proceeding upon a stipulation reading as follows:

It is hereby stipulated and agreed by and between the parties hereto, through their respective counsel, that the following facts are true and may be found to be such by the Board without however precluding the right of either party to introduce other and further evidence not inconsistent therewith and without waiving the right of either of the parties hereto to object to the relevancy, materiality, or competency of any of said facts:

1. That the Norwich Woolen Mills Corporation was incorporated under the laws of the State of Connecticut on March 7, 1921, and was in fact a merger of three existing corporations, namely, Norwich Woolen Mills Company, Winchester Woolen Company, and Liberty Woolen Mills Company.

2. That the three corporations last above named were for the period from April 1, 1920, to March 7, 1921, affiliated for income tax purposes.

3. That said three corporations above named, the merger of which resulted in the organization of petitioner, filed a consolidated income tax return for the fiscal year ended March 31, 1920.

4. That said corporations on July 18, 1921, filed a consolidated income-tax return for the period begun April 1, 1920, and ended December 31, 1920, a copy of which return is hereto attached, Marked Exhibit A, and by reference made a part hereof, which said return was the last return ever filed by or on behalf of said corporations.

5. That said corporations did not subsequent to March 31, 1920, request permission from the Commissioner of Internal Revenue to change their period of filing income-tax returns.

6. That the operations of said Norwich Woolen Mills Company, Winchester Woolen Company, and Liberty Woolen Mills Company from January 1, 1921, to March 7, 1921, were included in the return filed by this petitioner for the calendar year 1921.

7. That the books of this petitioner were opened as of January 1, 1921, and included all the operations from that date of the three corporations hereinbefore named which were on March 7, 1921, merged into petitioner corporation, and that no entries were made in the books of said three corporations subsequent to December 31, 1920.

8. That the net income of petitioner from sales during the entire year 1921 as shown by its books was the sum of $93,683.72. That during the latter part of said year and subsequent to March 7 petitioner sustained a loss on a sale of capital assets in the sum of $483,524.69, and as a result thereof a net loss for the calendar year 1921 in the sum of $389,840.97.

9. That the transaction by which this petitioner acquired the assets of the Norwich Woolen Mills Company rendered this petitioner liable at law or in equity as a transferee for such deficiency in income and profits taxes for the period beginning December 30, 1920, and ending March 7, 1921, as is found to be due from the Norwich Woolen Mills Company.

The return attached to the stipulation as Exhibit A states at the head thereof that it is for the period begun April 1, 1920, and ended December 31, 1920, and is for the Norwich Woolen Mills Co. and affiliated companies. Such return contains the usual data with re-

spect to amounts of income and deductions with supporting schedules. There is also attached to such return a schedule " N," reading as follows:

THE NORWICH WOOLEN MILLS COMPANY AND AFFILIATED COMPANIES STATEMENT AS TO PERIOD COVERED BY RETURN

The fiscal year of The Norwich Woolen Mills Company and the affiliated companies consolidated in this return have heretofore terminated on March 31. The last income and profits tax return so filed was for the fiscal year ended March 31, 1920. The attached return is filed for the period from April 1, 1920, to December 31, 1920, for the reason that the Norwich Woolen Mills Corporation, a corporation organized in March, 1921, under the laws of the State of Connecticut, acquired in March, 1921, the entire capital stock of these affiliated companies consolidated as aforesaid, through the issue of its own capital stock, and at the time of acquisition of the stock of these affiliated companies made the transaction effective as of December 31, 1920. Through making the transaction retroactive to December 31, 1920, the Norwich Woolen Mills Corporation assumed and placed upon its own books the operations of the affiliated companies from January 1, 1921, to the date of acquisition in March, 1921.

The Norwich Woolen Mills Company and the affiliated companies consolidated in this return were not, however, dissolved until shortly after their acquisition by the Norwich Woolen Mills Corporation. On March 7, 1921, the preliminary certificates of dissolution were forwarded to the Secretary of State, Hartford, Connecticut, and the affairs of the companies were closed up at about this date. Inasmuch as the operations of these companies from January 1, 1921, to the date of their dissolution were wholly assumed by the Norwich Woolen Mills Corporation and the entries recording such operations were placed upon the books of the latter company, the operations for this period have been omitted in the preparation of this return, and the return has been filed for the period from April 1, 1920, to December 31, 1920, during which period the companies were operating for their own account and had no connection with the Norwich Woolen Mills Corporation.

The books of the Norwich Woolen Mills Corporation were opened as of January 1, 1921, although the corporation itself was not formed until the following March. It is the intention of the Norwich Woolen Mills Corporation to report in its income tax return for the taxable year 1921, the operations of The Norwich Woolen Mills Company and the companies consolidated herewith recorded on its own books for the period from January 1, 1921, to the date of its organization.

It is clear that assignment of error (a) is not well founded in fact, for it appears from the stipulation that the Norwich Woolen Mills Corporation was not incorporated until March 7, 1921. The business from January 1 to March 7, 1921, was conducted by the predecessor corporations and they are liable for the tax. That they did not enter their operations on their books, and that the petitioner entered the operations for this period on its books can not affect the liability of the person transacting the business to pay the tax.

Assignment of error (b) is founded on the theory that the petitioner and the predecessor companies were an affiliated group which should file one return for the calendar year 1921. The stipulation states that the petitioner is a merger of three predecessor companies. It does not set out any facts from which we might determine whether this was a merger in the sense that the three predecessor corporations continued their existence in the petitioner or whether a new corporation was formed which acquired or " merged " the assets of the predecessor corporations. The legal effects flowing from each of these transactions would differ. See *A. J. Siegel,* 4 B. T. A. 186, and cases there cited. The stipulation states however, that petitioner " was incorporated " on March 7, 1921, and the statement attached to the petition indicates that it was an entirely new legal entity, acquiring the stock of the predecessor companies in exchange for its own stock and then causing their dissolution and the distribution of their assets to it. The petitioner was not a continuation of the old companies, but a new taxable person. See *Marr* v. *United States,* 268 U. S. 536. Since the predecessor corporation and petitioner were distinct taxable entities and since they were not affiliated under section 240 of the Revenue Act of 1921, they were under obligation to file separate returns of their separate incomes.

The next assignment of error has to do with the computation of net income for the period from January 1, to March 7, 1921, by prorating the income from operations over the entire year. It does not appear to be disputed that the Commissioner has power to compute the income of the period in this manner when necessary or that the necessity existed in this case. See *Edwards* v. *Douglas,* 269 U. S. 204, and *Mason* v. *Routzahn,* 275 U. S. 175. Petitioner urges, however, that if the earnings of this period are to be computed by prorating the earnings of the year, the Commissioner can not exclude from the yearly earnings, losses sustained on the sale of capital assets and prorate the operating income. We see no reason for disturbing the computation made by the Commissioner. That which he sought to do was to determine the earnings of the business for the period from January 1 to March 7. This he should do by the most accurate method available. If it be necessary to use the method of prorating yearly earnings and it appears that capital gains or losses should be eliminated and that only the operating income should be prorated in order that the proration may more accurately reflect the actual earnings of the period, we have no doubt he should follow that course. It would seem that the method used here is more likely to accomplish the proper result than would a prorating of an amount which reflected capital losses not affecting the period for which the earnings are to be computed.

The last assignment of error is that the period for assessing additional taxes had expired when the statutory notice of the Commissioner's action was mailed to the petitioner on December 2, 1926. Petitioner urges that if the predecessor companies are not entitled to include their income for 1921 in that of petitioner, such income must be included in their return which was filed on July 18, 1921, purporting to cover the period from April 1, to December 31, 1920. It is urged that since previous returns were made by these companies for fiscal years ending on March 31, and no permission was requested from the Commissioner to make any change, they were required to include in this return the income from January 1 to March 7, 1921. We do not believe this position is well taken. Section 212 of the Revenue Act of 1918 provides:

If a taxpayer changes his accounting period from fiscal year to calendar year, from calendar year to fiscal year, or from one fiscal year to another, the net income shall, with the approval of the Commissioner, be computed on the basis of such new accounting period, subject to the provisions of section 226.

The approval of the Commissioner may be evidenced otherwise than by a consent given pursuant to a request before the change is made. Here the Commissioner has accepted the return for the period ended December 31, 1920, as a proper return and has proceeded to compute a tax for the period beginning the following day. While the filing of a return upon a changed basis of accounting does not bind the Commissioner to accept the changed basis, there is nothing to prevent its acceptance, and when he takes action which can be consistent only with an approval of such a change in basis, such approval must be inferred. See *United States ex rel. Greylock Mills* v. *Blair, Commissioner*, 293 Fed. 846; *Gardner Governor Co.*, 5 B. T. A. 70.

The contention would have to be denied on other grounds. The return filed appeared on its face to cover only the period to December 31, 1920. It included only the income to that date. No return has ever been filed by the predecessor companies for any period after that date. The period within which assessments may be made does not begin to run until a return is filed. A return for nine months is not a return for twelve months, even though a twelve months' return should have been filed which would include the nine months for which the return was filed. *Paso Robles Mercantile Co.*, 12 B. T. A. 750; affd., 33 Fed. (2d) 653; certiorari denied by Supreme Court 280 U. S. 73 A.; *Lowenstein Bros. Garment Co.*, 13 B. T. A. 446. No return having been filed for the period in question, assessment and collection are not barred by limitation.

The deficiency appears to have been properly asserted against the Norwich Woolen Mills Co. Under paragraph 9 of the stipulation the petitioner admits its liability as a transferee for any deficiency found due.

Reviewed by the Board.

*Decision will be entered for the respondent.*

STERNHAGEN, VAN FOSSAN, and MURDOCK concur in the result only.