> *Decision will be entered for the petitioner, under Rule 50.*

HOME ICE CREAM & ICE CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 37633. Promulgated April 28, 1930.

*Robert P. Smith, Esq.*, for the petitioner.
*Lloyd W. Creason, Esq.*, for the respondent.

## OPINION.

LANSDON: In this proceeding the Board must decide (1) whether the petitioner had the right to set up a reserve for bad debts in each of the taxable years, and (2) if so, were the charges thereto reasonable in amount? The respondent bases his determination on his finding that petitioner, having once elected to deduct bad debts ascertained to be worthless in the taxable year, may not thereafter change to the reserve method without first asking and obtaining permission so to do.

The statutes governing here are of the Revenue Acts of 1921 and 1924, section 234 (a) (5) of which provides:

That in computing the net income of a corporation subject to the tax imposed by section 230 there shall be allowed as deductions:

\*          \*          \*          \*          \*          \*          \*

(5) Debts ascertained to be worthless and charged off within the taxable year (or in the discretion of the Commissioner, a reasonable addition to a reserve for bad debts) ; and when satisfied that a debt is recoverable only in part, the Commissioner may allow such debt to be charged off in part.

For the administration of the above provision the Commissioner has promulgated substantially identical articles 151 of Regulations 62 and 65 which, in part, are as follows:

Taxpayers were given an option for 1921 to select either of the methods mentioned for treating such debts. (See article 151, Regulations 62.) The method used in the return for 1921 must be used in returns for subsequent

years and for returns under the Revenue Act of 1926 unless permission is granted by the Commissioner to change to the other method. A taxpayer filing a first return of income may select either of the two methods subject to approval by the Commissioner upon examination of the return. If the method selected is approved, it must be followed in returns for subsequent years, except as permission may be granted by the Commissioner to change to another method. Application for permission to change the method of treating bad debts shall be made at least 30 days prior to the close of the taxable year for which the change is to be effective. (See also article 155.)

The sole purpose of the statutory provision and administrative regulations cited above is to assist in the ascertainment of true taxable income. For the same purpose the Revenue Acts of 1921 and 1924 also provide in section 212 (b) as follows:

The net income shall be computed upon the basis of the taxpayer's annual accounting period (fiscal year or calendar year, as the case may be) in accordance with the method of accounting regularly employed in keeping the books of such taxpayer; but if no such method of accounting has been so employed, or if the method employed does not clearly reflect the income, the computation shall be made in accordance with such method as in the opinion of the Commissioner does clearly reflect the income.

The Commissioner accepted the petitioner's return for 1923 and computed and settled tax liability on the facts set forth therein, which included a deduction from gross income on account of a net addition to a reserve for bad debts. We think such acceptance was sufficient permission to this petitioner to make its subsequent returns on the reserve basis. *United States ex rel. Greylock Mills* v. *Blair*, 293 Fed. 846; *Gardner Governor Co.*, 5 B. T. A. 70; *Norwich Woolen Mills Corporation*, 18 B. T. A. 303; *Clark Brown Grain Co.*, 18 B. T. A. 937.

The evidence shows that the reserve for bad debts set up by the petitioner in the taxable years amounted to 2 per cent and 1½ per cent, respectively, of the gross sales of such years and that such amounts were reasonable and were based on its previous experience. We conclude, therefore, that the net additions to such reserves are proper deductions from the gross income of the petitioner in the respective taxable years.

*Decision will be entered for the petitioner.*