*1052 OPINION.
Van Fossan:
The first issue relates to the statute of limitations. The petitioner asserts that the waivers of April 25, 1924, April 7, 1925, December 7, 1925, and October 29, 1926, executed on behalf of The Crawford Hill Coal Company were not valid. But as a condition precedent to the question of validity of the waivers we must determine whether or not such an income-tax return was made by The Crawford Hill Coal Company as started the tolling of the statute.
The respondent contends that the consolidated return filed by “ The Crawford Hill Coal Co., consolidated with The Crabapple Coal Co.” for the fiscal year ending March 31, 1919, did not set forth separately the income and deductions of the two corporations, or either of them, as required by section 239 of the Revenue Act of 1918, which provided that every corporation should “make a return, stating specifically the items of its gross income and the deductions and credits allowed by this Title.” Every return must show facts upon which an assessment for the taxable period can be made. Florsheim Brothers Co. v. United States, 280 U. S. 453; Willingham Loan & Trust Co. v. Commissioner, 36 Fed. (2d) 49; Myles Salt Co. v. Commissioner, 49 Fed. (2d) 232. Where such information is given the statute begins to run. In the case of consolidated returns we have held that they must be filed in good faith and must make a substantial revelation of the gross income and deductions separately for the constituent members of the affiliated group. F. A. Hall Co., 3 B. T. A. 1172; Stetson & Ellison, 11 B. T. A. 397; aff'd, 43 Fed. *1053 (2d) 553; Continental Oil Co., 23 B. T. A. 311; New England Power Co., 25 B. T. A. 195. If they do not do so they are not the returns contemplated by the statute and hence do not start the running of the statute of limitations. United States v. National Tank & Export Co., 45 Fed. (2d) 1005; Lucas v. Colmer-Green Lumber Co., 49 Fed. (2d) 234, reversing 12 B. T. A. 256.
The return in question sets forth only the income, deductions and credits of both corporations combined. Only the balance sheets reflecting the assets and liabilities of each corporation as of March 31, 1919, were included in the return. Such information is not sufficient basis for the assessment of tax. Therefore, the statute of limitations does not bar the assessment of the tax against The Crawford Hill Coal Company.
The second issue presents the question of the liability of the petitioner as transferee of the assets of The Crawford Hill Coal Company. Section 602 of the Revenue Act of 1928 imposes upon the respondent the burden of proof of showing that the petitioner is liable as such transferee.
The assets of The Crawford Hill Coal Company were transferred to petitioner under the terms of the agreement of October 30, 1919, as of Jwne 30,1919. The record contains no enumeration or proof of the value of either the assets conveyed to petitioner nor of the liabilities assumed by it at June 30, 1919, the time of transfer. There is evidence that on March 31, 1919, the transferor possessed Liberty bonds in amount of $80,000 and had liabilities in the amount of $11,503.02, but there is no evidence that at June 30, 1919, it still owned such bonds and transferred them to petitioner; nor is there any evidence whether the amount of its liabilities increased or diminished between March 31 and June 30. We know only that petitioner received assets of an unproved value and assumed liabilities of an unproved amount. On this state of the record we must hold that respondent has not sustained the burden of proof placed on him by the statute. See Fostoria Milling & Grain Co., 11 B. T. A. 1401; G. C. Barkley, 19 B. T. A. 855. Cf. Wayne Body Corporation, 22 B. T. A. 401.
It becomes unnecessary to consider the issue of affiliation, but we are constrained to say that the case of Handy & Harmon v. Burnet, 284 U. S. 136, is determinative thereof. Under the decision of the United States Supreme Court in that case it is apparent that the petitioner and The Crawford Hill Coal Company are not entitled to affiliation.
Under our decision above the question of special assessment becomes moot.

Decision will be entered for the petitioner.