S. FEATHER COMPANY (DELAWARE CORPORATION), PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 47171. Promulgated June 20, 1933.

*Milton M. Wecht, Esq.*, for the petitioner.
*E. A. Tonjes, Esq.*, for the respondent.

OPINION.

TRAMMELL: This is a proceeding for the redetermination of the liability of the petitioner as a transferee under the provisions of section 280 of the Revenue Act of 1926. The respondent determined a deficiency in income and profits taxes for the period January 1 to June 30, 1918, in the amount of $5,420.14 against the S. Feather Co., a New Jersey corporation, plus a deliquency penalty in the amount of $1,355.03, and asserts liability therefor against the petitioner, a Delaware corporation of the same name, as transferee of the assets of its predecessor, the New Jersey corporation.

The petitioner, referred to herein as the transferee, was organized in June 1918. The predecessor or transferor corporation was organized in 1916. On or about June 30, 1918, the petitioner, the Delaware corporation, took over the business and assets of the New Jersey corporation, which was soon thereafter dissolved.

On or about April 17, 1919, a corporation income and profits tax return, on Form 1120, was filed with the collector of internal revenue, purporting to be the return of the " S. Feather Co., 110 Erie St., Camden, N.J." for the calendar year 1918.

This return set forth the gross sales for the entire year 1918, less cost of goods sold, and other items of gross income, in the aggregate amount of $67,714.26. It also set forth the total deductions claimed for the entire year in the amount of $37,472.22, and disclosed " net income for the taxable year " in the amount of $30,242.04.

Attached to the return and made a part thereof were two schedules designated " C " and " D ". Schedule C contained balance sheets of the " S. Feather Co. (of New Jersey)" at January 1, 1918, and June 30, 1918, and also balance sheets of the " S. Feather Co. (of Delaware)" at July 1, 1918, and December 31, 1918. In addition, schedule C contained the following statement:

(Note—S. Feather Co., a New Jersey corporation, was engaged in business until June 30, 1918, when it was reorganized. S. Feather Co., a Delaware corporation, was then organized, acquired the assets and assumed the liabilities of the New Jersey corporation, and transacted the business from July 1, 1918. This return is for both corporations.)

Schedule D attached to the return consisted of an analysis of the surplus accounts of both corporations, disclosing that the New Jersey corporation realized profits from January 1, 1918, to June 30, 1918, in the amount of $16,256.46, and that the Delaware corporation derived profits from July 1, 1918, to December 31, 1918, in the

amount of $13,985.58. The total profits so disclosed equaled the total amount of net income shown on page one of said return.

On or about March 1, 1927, a corporation income and profits tax return for the period begun January 1, 1918, and ended June 30, 1918, was filed in behalf of the New Jersey corporation, and disclosed the following: gross income, consisting of gross sales less cost of goods sold, $46,003.27; total deductions, $29,746.81; net income, $16,256.46.

The notice of deficiency which is the basis of the present proceeding was mailed to the petitioner on December 3, 1929.

In November and December 1923, an examining agent or field auditor made an examination of the books of both the New Jersey and Delaware corporations for the year 1918, as a result of which an additional tax against the petitioner was proposed, but no objection was made to the character of the return filed for that year. Thereafter conferences were held between the taxpayer and the Bureau of Internal Revenue. An agreement not having been reached, the Commissioner, on November 28, 1925, mailed a notice of deficiency for the amount of $899.78 to " S. Feather Company, 110 Erie Street, Camden, New Jersey," and on January 27, 1926, a petition for redetermination of the deficiency was filed with the Board in the names of both the New Jersey and the Delaware corporations, under Docket No. 11377. Under date of September 7, 1928, an order of redetermination was entered in that proceeding, pursuant to stipulation of the parties, that there was " an overpayment for the period July 1, 1918 to December 31, 1918 in the amount of $10,539.32 for the S. Feather Company, a Delaware corporation, and this proceeding in so far as it relates to the year 1918 for the S. Feather Co., a dissolved New Jersey corporation, is hereby dismissed for lack of jurisdiction."

The petitioner stipulated at the hearing that it is liable as a transferee for the payment of whatever income and profits taxes, penalties and interest may be due from the New Jersey corporation for the period January 1 to June 30, 1918, provided collection of such liability is not barred by the statute of limitations.

The issue here resolves itself into the question whether the return filed by the petitioner on April 17, 1919, for the calendar year 1918, which return included in the aggregate the gross income, deductions and credits of both corporations, constituted a substantial compliance with section 239 of the Revenue Act of 1918, which provides " that every corporation subject to taxation under this title * * * shall make a return stating specifically the items of its gross income and the deductions and credits allowed by this title."

The parties agree that if said return was the return required by the statute, the five-year period of limitation began to run on and from the date of its filing and that since the respondent did not assert liability against the petitioner as a transferee until more than ten years thereafter, assessment of such liability is now barred by the provisions of section 280 (b) (1) of the Revenue Act of 1926. On the other hand, it is agreed that if the return did not comply with the statute, the period of limitations did not begin to run prior to the filing of the separate return in behalf of the New Jersey corporation in March 1927, and assessment is not barred by the statute.

No contention is made that the two corporations in question were affiliated during any portion of the calendar year 1918, nor that they were entitled to file a consolidated return.

The facts very clearly show that the return filed in 1919 did not state specifically the items of the petitioner's gross income nor the deductions and credits allowable to it, as required by section 239, *supra*. This return, therefore, did not meet the demands of the statute and did not start the running of the prescribed period of limitation. In considering a similar problem in *Lucas* v. *Colmer-Green Lumber Co.*, 49 Fed. (2d) 234, the court said:

On December 15, 1921, a separate return was filed which for the first time disclosed separate gross and net income of this taxpayer. On that date we think limitation began to run. Section 239 of the Revenue Act of 1918 * * * required every corporation to "make a return, stating specifically the items of its gross income and the deductions and credits allowed by this title". This information is essential to an assessment of the tax, and to procure it is the object of requiring the return. A paper which does not purport to give it can not be considered to be a return in substantial conformity to the law requiring it. "In providing that the period of limitation should begin on the date when the return was filed, rather than when it was due, the statute plainly manifested a purpose that the period was to commence only when the taxpayer had supplied this information in the prescribed manner." *Florsheim Brothers Co.* v. *United States*, 280 U.S. 453, 460, * * * *Myles Salt Co.* v. *Commissioner*, 49 Fed. (2d) 232, * * * *United States* v. *National Tank & Export Co.* (C.C.A.) 45 Fed. (2d) 1005.

In *Warner Collieries Co. of Delaware*, 26 B.T.A. 1047, 1052, we said:

Every return must show facts upon which an assessment for the taxable period can be made. [Citing authorities.] Where such information is given the statute begins to run. In the case of consolidated returns we have held that they must be filed in good faith and must make a substantial revelation of gross income and deductions separately for the constituent members of the affiliated group. (Citing prior decisions.) If they do not do so they are not the returns contemplated by the statute and hence do not start the running of the statute of limitations. (Citing authorities.)

The return· in question set forth only the income, deductions and credits of both corporations combined. Only the balance sheets reflecting the assets and liabilities of each corporation as of March 31, 1919, were included in the return. Such information is not sufficient basis for the assessment of the tax. Therefore, the statute of limitations does not bar the assessment of the tax * * *.

In *Gem Securities Corp.*, 28 B.T.A. 102, the same issue was considered under substantially the same facts as are presented here. That case, as here, involved two corporations of the same name, one of which was successor to the other. On February 21, 1928, the petitioner, a Delaware corporation, acquired all the assets, except cash, of its predecessor, a New York corporation. On March 13, 1929, the petitioner filed an income tax return on Form 1120 " for the calendar year 1928." This return showed a loss, in computing which the petitioner used as a deduction a net loss sustained by the New York corporation in the period January 1 to February 20, 1928. Among the schedules attached to the return was one showing the assets and liabilities of the New York corporation at January 1, 1928, and those of the ·petitioner at December 31, 1928.

We held that the return so filed by the petitioner in that case, which included the result of operations of its predecessor within the year without showing separately petitioner's income, deductions and credits, did not comply with the statutory requirements regarding returns and was insufficient to put the statute of limitations in motion.

To the same effect, see also *Norwich Woolen Mills Corp.*, 18 B.T.A. 303, and *American Vineyard Co.*, 15 B.T.A. 452.

The only difference between the case at bar and those above cited is that, in the return before us here, schedule D, which consisted of an analysis of the surplus accounts of both corporations, disclosed incidentally the net profits realized during the period that each corporation was engaged in operating the business during the calendar year 1918. Assuming that the amount of net profits so shown represented the net taxable income, which may or may not be true, that fact, we think, is not material. The statute did not specifically require a corporation to show the amount of its net income, but " the items of its gross income and the deductions and credits allowed by this title." The above schedule does not set forth this information.

On authority of the decisions above cited, we hold that the return here in question, filed on April 17, 1919, for the calendar year 1918, stating the gross income, deductions and credits of both corporations combined, was not the return which section 239,

*supra*, required the taxpayer corporation to file, and hence assessment of the liability of the petitioner as a transferee under section 280, *supra*, is not barred by limitation.

*Judgment will be entered for the respondent.*