*Decision will be entered under Rule 50.*

IRENE NUNNERY THERIOT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 24984. Promulgated December 21, 1950.

*John Y. Merrell, Esq.*, and *Manuel W. Hickey, Esq.*, for the petitioner.

*J. Frost Walker, Esq.*, for the respondent.

.

OPINION.

HARRON, *Judge:* The primary issue in this proceeding is whether the petitioner should have filed returns reporting her share of the community income for the years in question on the calendar year basis or on a fiscal year basis. Originally, the petitioner filed her returns on the calendar year basis. Subsequently, she filed amended returns on a fiscal year basis, as a result of which she claims that she overpaid her taxes for the taxable year 1943. The petitioner contends that upon her marriage on November 25, 1942, it became necessary under section 41 of the Internal Revenue Code for her to report her income on a fiscal year basis rather than on the calendar year basis which she had previously employed. She alleges that her books during the years involved were kept on a fiscal year basis and that section 41, therefore, mandatorily required that her returns be filed in accordance with the method of accounting regularly employed in keeping her books. The respondent, however, contends that the petitioner

kept no books during the years in question; that the books of the individual proprietorship operated by the petitioner's husband, which she alleges were the books of the community, were not the books of the petitioner as an individual, and that section 46 and the regulations thereunder, which require the respondent's approval for the change by a taxpayer from the calendar year basis to a fiscal year basis, were not conformed to by the petitioner. Another issue in this proceeding, which it will not be necessary to reach because of our decision on the primary issue, is the question of what period constituted the petitioner's "taxable year 1942" for purposes of the forgiveness features of the Current Tax Payment Act of 1943.

Section 41 provides:

The net income shall be computed upon the basis of the taxpayer's annual accounting period (fiscal year or calendar year, as the case may be) in accordance with the method of accounting regularly employed in keeping the books of such taxpayer * * * If the taxpayer has no annual accounting period or does not keep books, the net income shall be computed on the basis of the calendar year.

We agree with the respondent that the petitioner kept no books during the years involved. Under section 41, therefore, it was mandatory that she compute her net income on the calendar year basis. The books which the petitioner contends were the books which satisfy the requirement of section 41 are those which were kept for the business operated as an individual proprietorship by her husband. Since Louisiana is a community property state, the petitioner contends that the books of the individual proprietorship were the books of the community and therefore her books as a partner in the marital partnership or community. However, in *Max Freudmann*, 10 T. C. 775, it was held that the taxpayers involved were required to compute their income on the calendar year basis despite the fact that the partnership which they conducted kept its books and filed its returns on a fiscal year basis. The rationale of this decision is that the election of the taxpayers to file their individual returns on a fiscal year basis is inoperative where the taxpayers had failed to keep individual books of their own and the books kept by the partnership were not the books of the individual partners making up the partnership. See, also, *Max H. Stryker*, 36 B. T. A. 326; *Klempner* v. *Glenn*, 82 Fed. Supp. 626.

It is manifest that the petitioner could have personal income and deductible expenses separate and apart from the income and expenses of the community which she would be required to report on her separate return, *Rosemary Herold Lazard*, 5 T. C. 277, affd., 153 Fed. (2d) 348; *Mary Louise Guste*, 8 T. C. 1261, and which would not be recorded in the books of the community. Even if it can be said that the books of the individual proprietorship were the books of the community despite the fact that they did not record all the income

or all the deductible expenses of the marital partnership, the books of the community, under the authority of the *Freudmann* case, were not the books of the petitioner as an individual. Since the petitioner kept no books during the periods in question, we conclude as a matter of law that it was mandatory under section 41 that she compute her income on the calendar year basis for the years involved.

Moreover, the petitioner, who was on the calendar year basis prior to her marriage in 1942, never conformed with section 46 [1] and the regulations [2] thereunder which require the respondent's approval for the change by a taxpayer from the calendar year to a fiscal year in the computation of his income. The petitioner, however, contends that she was not required to conform with the requirements of section 46 and Regulations 111, section 29.46-1. As support for this position, the petitioner cites such cases as *Estate of Cyrus H. K. Curtis*, 36 B. T. A. 899; *Great West Printing Co.*, 22 B. T. A. 346; and *Brooklyn City Railroad Co.*, 27 B. T. A. 77. Those cases, however, were not cases in which the taxpayer attempted to change the accounting period under which it had been computing its income; all that was attempted was to have the basis on which the returns were filed conform with the basis on which the books had *always* been kept. In this proceeding, however, the petitioner had kept no books prior to her marriage on November 25, 1942. Therefore, she had always computed her income and filed her returns on the basis of the calendar year. After her marriage, she continued to file her returns on the calendar year basis. She is now attempting retroactively to change her basis to a fiscal year ending August 31 through the medium of this proceeding. All she contests is the right of the respondent to compute her deficiency in taxes on the basis of the calendar year in conformity with the returns which she filed; she does not dispute the correctness of the respondent's determination in respect to any of the individual items which make up the deficiency. In an analogous situation, the Supreme Court in *Pacific National Co.* v. *Welch*, 304 U. S. 191, denied to a taxpayer the

[1] SEC. 46. CHANGE OF ACCOUNTING PERIOD.

If a taxpayer changes his accounting period from fiscal year to calendar year, from calendar year to fiscal year, or from one fiscal year to another, the net income shall, with the approval of the Commissioner, be computed on the basis of such new accounting period, subject to the provisions of section 47.

[2] REGS. 111, SEC. 29.46-1. CHANGE OF ACCOUNTING PERIOD.—If a taxpayer (other than a subsidiary corporation required to change its accounting period by reason of the provisions of section 23.14 of Regulations 104 or section 33.14 of Regulations 110) changes his accounting period he shall, prior to the expiration of 30 days from the close of the fractional part of the year for which a return would be required to effect the change, furnish to the collector, for transmission to the Commissioner, the information required on Form 1128. However, if the fractional part of the year for which a return would be required to effect the change ends after July 31, 1943, such taxpayer shall, before using the new period for income tax purposes, secure the consent of the Commissioner, and application for permission to change the accounting period shall be made direct to the Commissioner on Form 1128 at least 60 days prior to the close of the fractional part of the year for which a return would be required to effect the change. * * * If the change is approved by the Commissioner, the taxpayer shall thereafter make his returns and compute his net income upon the basis of the new accounting period.

right to file amended returns on the installment method of reporting income after it had previously filed timely returns on the completed contract method of reporting income, and said:

The parties agree that, if allowed to change to the installment method, petitioner would be entitled to a refund in some amount. But that fact has no tendency to discredit the deferred payment method as inapplicable. The amount of the tax for the year in question is only one of many considerations that may be taken into account by the taxpayer when deciding which method to employ. The one that will produce a higher tax may be preferable because of probable effect on amount of taxes in later years. In case of overstatement and overpayment, the taxpayer may obtain refund calculated according to the method on which the return was made. Change from one method to the other, as petitioner seeks, would require recomputation and readjustment of tax liability for subsequent years and impose burdensome uncertainties upon the administration of the revenue laws. It would operate to enlarge the statutory period for filing returns, section 53 (a), 26 U. S. C. A. § 53 (a) and note, to include the period allowed for recovering overpayments, section 322 (b), 26 U. S. C. A. § 322 note. There is nothing to suggest that Congress intended to permit a taxpayer, after expiration of the time within which return is to be made, to have his tax liability computed and settled according to the other method. * * *

Cf. *John D. Biggers*, 39 B. T. A. 480.

The respondent's regulations under section 46 provide for established procedures to be followed where a taxpayer desires to change the accounting period for which he computes income. Admittedly, this established procedure was not followed by the petitioner. If she had desired to effect the change, which she now desires to make retroactively by resisting the imposition of the deficiencies on the ground that her calendar year returns should properly have been filed on a fiscal year basis, all that was necessary was that she make application to the respondent before the end of the period for which a return would have had to be filed to effect the change. This she did not do, and she has continued to file her returns on the calendar year basis for all years for which returns were offered in evidence at the trial of this proceeding.

In *American Coast Line, Inc.*, 6 T. C. 67, affd., 159 Fed. (2d) 665, the taxpayer also attempted to change from the calendar year basis to a fiscal year basis through the medium of a proceeding in the Tax Court after it had failed to comply with the regulations under section 46. The Court held that the respondent was correct in determining that the taxpayer was not entitled to file its returns on a fiscal year basis because the taxpayer had not complied with the regulations under section 46 for a change in its accounting period.

And in *East Coast Motors, Inc.*, 35 B. T. A. 212, the taxpayer resisted the imposition of a deficiency assessed against it on the ground that it was entitled to compute its income on the calendar year basis

rather than on a fiscal year basis. In holding that this contention was incorrect, the Board said:

Petitioner had filed its returns on a fiscal year basis for several years prior to the taxable year. It was, therefore, required to obtain the consent of respondent to change its accounting period by the provisions of section 46. * * * Since the petitioner failed to comply. with the regulations of the Commissioner, we find that respondent was not in error in refusing, at the time, permission to change the accounting period.

See, also, *Trorlicht-Duncker Carpet Co.*, 22 B. T. A. 466; cf. *United States ex rel Greylock Mills* v. *Blair*, 293 Fed. 846.

The petitioner's contention that upon her marriage on November 25, 1942, she became a new taxpaying personality who was not bound by her prior returns on the calendar year basis is also without merit. There was no change in the petitioner's taxpaying personality after November 25, 1942. Although she had the right to file joint returns with her husband after that date, she was still required to file returns. And she did file returns which were individual returns as they had always been and which were filed on the calendar year basis as they had always been. The marriage of a taxpayer, whether in a community property state or in any other state, does not affect the continuity with which she has filed her income tax returns or create a new taxpaying personality.

It is held that the petitioner was not entitled to file returns for the years in question on the basis of a fiscal year ending August 31. The respondent's determination is sustained.

*Decision will be entered under Rule 50.*