THERIOT v. COMMISSIONER OF
INTERNAL REVENUE.

No. 13628.

United States Court of Appeals
Fifth Circuit.

May 27, 1952.

Rehearing Denied June 17, 1952.

Robert Ash, Washington, D. C., for petitioner.

S. Dee Hanson, Ellis N. Slack, Hilbert P. Zarky, and Richard D. Harrison, Sp. Assts. to Atty. Gen., Theron Lamar Caudle, Asst. Atty. Gen., Charles Oliphant, Chief Counsel, John M. Morawski, Sp. Atty., Bureau Int. Rev., Washington, D. C., for respondent.

Before HUTCHESON, Chief Judge, and BORAH and RIVES, Circuit Judges.

RIVES, Circuit Judge.

This appeal involves deficiencies in income taxes in the amounts of $1,810.56 and $17,137.33 for the years 1943 and 1945, respectively.

Prior to her marriage to Romeal Theriot on November 25, 1942, the tax-payer had been employed as a stenographer and earned $1,217.27 during 1942. She had always filed her income tax returns on the calendar year basis. After continuing to use that basis for 1942 and 1943, the taxpayer discovered that if she had used the basis of the fiscal year on which her husband reported, her forgiveness benefits under Section 6 of the Current Tax Payment Act of 1943, c. 120, 57 Stat. 126, 26 U.S.C.A. § 1622 note, would have been materially increased. On March 20, 1944, she requested permission from the Commissioner to compute her income on the basis of a fiscal year ending August 31st, and further requested that such permission be made retroactive to the period ending August 31, 1943. The Commissioner refused to make such permission retroactive assigning as his reason that the request had not been made within the time prescribed by the regulations,[1] and suggested that the taxpayer make application for the change effective as of August 31, 1944. Instead, however, of making any further request to the Commissioner, the taxpayer, on November 9, 1945, filed amended returns in which she attempted to change her method of computing income from the calendar year basis to a fiscal year basis beginning with the short fiscal period November 26, 1942 to August 31, 1943. The Commissioner declined to give effect to the amended returns.

The taxpayer and her husband were domiciled in Louisiana. Romeal Theriot, the taxpayer's husband, at all times material to this proceeding, has been the sole proprietor of R. Theriot Liquor Stores in New Orleans. He computed his income on the basis of a fiscal year ending August 31, and the books of the business were kept on that basis, and on an accrual method of accounting.

Upon her marriage the taxpayer gave up her stenographic job, and subsequently her sole source of income has been one half of the income earned by her husband in the conduct of his liquor business.[2] She

1. " * * * at least 60 days prior to the close of the fractional part of the year for which a return would be required to effect the change". Sec. 29.46–1, Treasury Regulations 111.

2. "Every marriage contracted in this State, superinduces of right partnership or community of acquets or gains, if there be no stipulation to the contrary." Article 2399 of Louisiana Civil Code.

kept no individual books and the only books kept by her husband were those of his liquor business.

It is the taxpayer's contention that since she received no income subsequent to her marriage except community income, and since the community income was computed from the books of her husband's business, they were in effect her books. Pursuing that theory, the taxpayer further contends that there was no necessity of securing the consent of the Commissioner to change from a calendar year to a fiscal year basis because Section 41 of the Internal Revenue Code, 26 U.S.C.A. § 41, is mandatory in its requirement that the return be made on the basis of the annual accounting period in accordance with the method of accounting regularly employed in keeping the books of the taxpayer, that in effect she was simply changing from an incorrect basis to a correct basis. The question presented for decision may therefore be stated as follows:

Where, after her marriage in 1942, the only income of the taxpayer was community income from her husband's sole proprietorship business and the books used in computing the business income were kept on a fiscal year basis, whether the taxpayer is entitled to change from a calendar year basis properly used prior to her marriage to a fiscal year basis without obtaining the consent of the Commissioner of Internal Revenue pursuant to Section 46 of the Internal Revenue Code, 26 U.S.C.A. § 46, and the applicable Regulations promulgated thereunder (Treasury Regulations 111, Secs. 29.46–1, 29.41–2, 29.-41–4).

The answer to the question is not without difficulty and counsel have not been able to furnish us any decisions directly in point. They have, however, argued and briefed the question with such ingenuity and skill as to evoke the court's admiration. While their reasoning seems at times artificial, that is usual if not indeed necessary in income tax cases from the very nature of the problems. Complications, circumstances, and situations of almost infinite variety are encountered in the earning and accrual of income and the taxation thereof. Without repeating their arguments, we briefly state our conclusions.

There is no fatal inconsistency in the Tax Court's decision in holding that the taxpayer's income could not be reported on the basis of the community fiscal year, and yet sustaining the computation of her income from the business books kept on the accrual basis, even though the taxpayer had formerly reported her income on the cash basis. To attempt to state her income otherwise than according to her husband's books would lead to a chaotic situation. In sustaining the computation therefrom, the Tax Court did not treat the books of the husband as the wife's books, but rather, we think, sustained the Commissioner in the exercise of the discretion vested in him by Section 41 of the Internal Revenue Code, 26 U.S.C.A. § 41, to approve a method which would clearly reflect the income of the taxpayer.

Requiring the taxpayer to make her returns on a calendar year basis did not force a violation of Section 53, 26 U.S. C.A. § 53, as asserted by the taxpayer. Timely returns could be, and were, filed showing an estimated income and the tax paid thereon, subject to revision at the end of each fiscal year.

The concept that the wife, upon marriage, becomes "a new taxpaying personality" does not hold true. In Louisiana, while a husband and a wife form a community as to the property acquired and income received during the period of the union, it is equally true that either the husband or wife could have personal income and deductible expenses separate and apart from the income and expenses of the community. Lazard v. Commissioner, 5 T.C. 277, affirmed, 5 Cir., 153 F.2d 348; Guste v. Commissioner, 8 T.C. 1261. They remain individuals who possess simply a common share in the marriage community.

It is true that in this case all of the taxpayer's income was her community share of the income of her husband, which was computed from the books of her husband's business, and it would appear entirely un-

realistic for the taxpayer to have kept any books other than the community books. If she were filing her first income tax return it may be that under Section 41 of the Internal Revenue Code, 26 U.S.C.A. § 41, it would necessarily be upon the basis of the community fiscal year. That question, however, need not now be decided.

Before the taxpayer was married she had properly reported her income on the calendar year basis pursuant to the direction of Section 41. Thereafter, she could not adopt a new period for reporting income or adopt new books for a different period without first receiving the Commissioner's consent.[3] Consistency in the absence of approval is imperative. The reason is clear. If taxpayers were allowed to vacillate at will between the use of a calendar and a fiscal period, depending upon the advantages of the moment, endless and needless confusion would result and the effectiveness of tax laws would be measurably reduced. See Pacific National Co. v. Welch, 304 U.S. 191, 194, 58 S.Ct. 857, 82 L.Ed. 1282; United States v. Blair, 54 App.D.C. 27, 293 F. 846, 847; Linen Thread Co. v. Commissioner, 14 T. C. 725, 733.

The Commissioner did not err in determining deficiencies on the calendar year basis since the requisite permission to change to a fiscal year basis had neither been requested by timely application nor received. The decision of the Tax Court is Affirmed.

---

3. Section 46 of Internal Revenue Code, 26 U.S.C.A. § 46; Secs. 29.46-1, 29.41-2, and 29.41-4 of Treasury Regulations 111.