LAVINIA DODD et al. *v.* SUCCESSION OF D. L. R. ORILLION.

Where during the marriage an undivided interest in a plantation fell to the wife, as paraphernal property, the husband never taking possession, but of which the management and administration was given by the wife and her coproprietor to an agent of their own selection—*Held* : That of this part of his wife's paraphernal estate the husband never had the possession and enjoyment, neither was it administered by him and her indiscriminately.

The fact that the husband was consulted by the wife's constituted agent as to the crops, settlement of accounts, &c., subject always to the ratification of the wife, did not change the character of the administration.

APPEAL from the District Court of the Parish of Iberville, *Beale, J.*
    *Zenon Labauve,* for plaintiffs.   *H. F. Deblieux,* for defendants and appellants.

SPOFFORD, J.   The only question presented by this case is whether certain property admitted to have been the paraphernal property of the plaintiff, *Lavinia Dodd,* was retained under her administration, or was administered either by her husband alone, or her husband and herself indifferently, during the community between them.

In the latter case the revenues of the property would, of course, fall into the community.   C. C. 2363, 2371.

If she retained the administration, the fruits were paraphernal; and so the District Judge decreed them to be.

The property in question consisted of an interest of three-eighths in a certain plantation which fell to her during the marriage as paraphernal property. Her husband never took possession of this property. But, immediately upon its acquisition, the plaintiff entered into a contract of partnership with her coproprietor and sister, *Mrs. B. Deblieux* to carry on the plantation. Both partners appointed *Mr. B. Deblieux* the manager or administrator of the property of which they were coproprietors. *Mrs. Orillion* thereby showed her intention of keeping this property out of the hands and control of her husband. *B. Deblieux* was constituted her agent, not her husband's agent. The property continued thus until the death of *Mr. Orillion*. He never entered into the possession and enjoyment of this part of his wife's paraphernal estate, nor was it administered by him and her indiscriminately.

The fact that he was consulted by *Mrs. Orillion's* constituted agent, as to the crops, settlement of accounts, &c., subject always to her ratification, does not change the character of this administration. It was an administration of the wife, and not of the husband.

Judgment affirmed.

## Same Case—On a Re-hearing.

LAND, J. A re-hearing was granted in this case. The law and evidence have been reëxamined. We are satisfied that the judgment first pronounced was correct.

The acts of the husband did not constitute either a separate or joint administration of the paraphernal property of his wife. They were acts that naturally resulted from the relation of husband and wife, and can not in law be considered as substantive acts of administration, by which rights to property are acquired.

It is, therefore, ordered, adjudged and decreed, that the judgment of the lower court be affirmed, with costs, as it was by the judgment heretofore pronounced in this cause.