## P. BREAUX, Jr., v. THERENCE LEBLANC, Administrator.

The settled jurisprudence in regard to the wife's paraphernal property is, that the husband is presumed to exercise administration until the contrary be shown ; and that *in all cases* the burthen of proof to the contrary is on those who have an interest to contest it.

A mere discharge signed by both husband and wife, where the latter acknowledges the receipt of a sum of money, is not sufficient to shift the *onus* of a *negative proof* on the wife.

APPEAL from the District Court of the Parish of St. James, *Lawes*, J. *Beatty & Bush* and *F. P. Poché*, for plaintiff. *Berault & Legendre*, for defendant.

DUFFEL, J. The above entitled causes were consolidated in the court below.*

One of the plaintiffs, *Pierre Breaux*, junior, administrator of the succession of *Scholastique Breaux*, widow *Etienne Part*, charges that said *Etienne Part* received, for account of his said wife, on the 6th of June 1849, $2153 25, being the inheritance of said *Scholastique* in the succession of her father, *Louis Breaux* ; which amount is claimed with a recognition of the wife's legal mortgage, &c.

The plaintiff in the other case, *Eugenie Part*, one of the heirs of *Etienne Part*, demands the sale, for cash, of all the property belonging to the succession.

The District Judge ordered the sale, for cash, of all the property, rendered judgment in favor of the succession of *Scholastique Breaux*, for the amount claimed, ordered the payment of this amount by preference, and a distribution of the residue of the proceeds of the sale among the heirs of *Etienne Part*. The administrator appealed.

As we do not understand the attorneys of the appellant to complain of that part of the judgment which decrees the sale, for cash, of all the property belonging to the succession of *Etienne Part*, we do not purpose to express any opinion on this branch of the case.

The only evidence adduced in support of the claim for $2153 25 is a release given by *Scholastique Breaux*, assisted and authorized by her husband, by public act bearing date June 6th 1849. The wife acknowledged, in said act, ͭo have received $2153 25, before the date of the act, and out of the presence of the notary and witnesses " dès avant·ces présentes et hors la vue du notaire et des témoins."

The settled jurisprudence of the State, in regard to the administration of the wife's paraphernal property is, that the husband is presumed to exercise such administration until the contrary be shown ; and that *in all cases*, the burden of proof, to the contrary, is on those who have an interest to contest it.

And this being the case, we do not consider a mere discharge signed by both husband and wife, wherein the latter acknowledges the receipt of a sum of money, sufficient to shift the *onus* of a *negative proof* on the wife. *Vitrac* v. *Key*, curator, 2 An. 824; *Gilbert & Co.* v. *Elizabeth Derence and husband*, 6 An. p. 590.

* There seems to be an *hiatus* here ; and as the able Judge who gave the decision is deceased, there is no means of explaining it. The Records have been searched in vain for the case alluded to. Owing to the occupancy of the Supreme Court room by various tribunals, civil and military. since the Court adjourned in February 1862, the records were very much scattered ; and it was with great labor that the present Reporter gathered from confused masses of papers, all of the two hundred and forty-four decisions of that Court, except twelve which he has had copied from the Opinion Book, and of which this is one.

BREAUX
v.
LEBLANC.

There is nothing, however, in the case at bar, to show that the amount claimed was actually received during the marriage ; it was incumbent on the defendant, *Breaux, Jr.*, to make this fact certain, *even* as against the heirs of the husband. Justice requires that the cause should be remanded, to enable the administrator of the wife's succession to make the necessary proof. And as the succession appears to be still under administration, the claim of the wife's succession, if proved, should be paid in due course of administration.

It is, therefore, ordered, adjudged and decreed, that the judgment of the court below remain undisturbed in so far as it orders the sale for cash of the property of the succession of *Etienne Part*, and that it be avoided and reversed in all other respects. It is further ordered, adjudged and decreed, that the cause be remanded for further proceedings, according to law, and the directions given in our opinion ; the costs of the lower court incident to the sale of the property, to be paid by the succession of *Etienne Part*, those of the appeal, by the succession of *Scholastique Breaux*, and the other costs of the lower court to abide its final action.