153 So.

RISHER et al. v. RISHER et al.

No. 31879.

Jan. 29, 1934.

Rehearing Denied Feb. 26, 1934.

J. B. Dawkins, of Monroe, for appellants.

Munholland & Munholland, of Monroe, for appellees.

LAND, Justice.

In the year, 1929, Howard Risher died testate in the city of Monroe, La., leaving five children by a first marriage, and a surviving widow, without issue, of a second marriage, Mrs. Annie Risher, who was named executrix in the last will and testament of decedent.

The will was probated, and Mrs. Annie Risher was confirmed as executrix. She caused an inventory of decedent's estate to be made, showing assets to the amount of $633.59.

In the present suit, petitioners allege that the surviving widow has intentionally and wrongfully omitted from the inventory property to the value of more than $50,000, belonging to the community formerly existing between decedent and his second wife, Mrs. Annie Risher, and pray that their interest in same be recognized and that they be sent into possession.

The defendant Mrs. Annie Risher, surviving widow, contends, on the other hand, that all of the property in which petitioners claim an interest, including a diamond stud and Howard watch, belongs to her separate estate.

Judgment was rendered in the lower court decreeing all of the real estate in controversy, consisting of lots and improvements in Filhiol's addition to the city of Monroe, as well as all moneys deposited in the Ouachita National Bank of Monroe, La., in her name,

to be the separate property of defendant Mrs. Annie Risher.

The diamond stud and Howard watch in controversy were decreed to be the separate property of Howard Risher, deceased.

From this judgment plaintiffs have appealed, and the defendant Mrs. Annie Risher has answered the appeal, reiterating her claim to the stud and watch in question.

(1) A part of the real estate involved in this case is described as follows:

(a) Lots 8 and 9 of block 33 of Filhiol's addition to the city of Monroe, La., fronting 146 feet on Eighth street by a depth of 150 feet, less that part sold to the city of Monroe.

This property was purchased by Mrs. Annie Risher, wife of Howard Risher, July 30, 1892, from Mrs. E. M. Hudson, wife of F. G. Hudson, for a consideration of $750. The sum of $300 was paid in cash, and the credit portion of the purchase price was evidenced by three notes, each for $150, payable respectively July 30, 1893, 1894, and 1895, with 8 per cent. interest from date.

Mrs. Annie Risher, as stated in the deed, was joined, authorized, and assisted by her husband, Howard Risher. It is also recited in the deed that the property was purchased "with her separate paraphernal funds and for her own separate and paraphernal property."

Mrs. Risher paid for this property with money from the rents of her separate estate. Her husband furnished no part of it. Tr., p. 92.

The remainder of the real estate in controversy is thus described:

Also a certain lot in square 31 of Filhiol's addition to the city of Monroe, La., fronting 60 feet on Washington street by a depth of 140 feet between parallel lines.

Also a certain lot in square 31 of Filhiol's addition to the city of Monroe, La., fronting 68 feet on Eighth street by a depth of 60 feet between parallel lines.

This property was inherited by Mrs. Annie Risher from her parents. Her father purchased it in 1869. She also inherited from her parents $1,500, and had on hand from $1,200 to $1,300 of this money when she married Howard Risher in 1887. At that time Risher was working for the Vicksburg, Shreveport & Pacific Railroad for $2.25 per day. For a short time he received an increase of $2.50 per day from the railroad, but was "laid off," and afterwards worked as a carpenter. Later on he was engaged in the collection business at a commission of 5 per cent. Tr., pp. 86, 87.

At the time of Mrs. Annie Risher's marriage to Howard Risher in 1887, there were three houses on this property, from which she collected rents. Mrs. Annie Risher collected some of the rent, and her husband collected some, and turned it over to her. The money was kept by her in her armoire at home. Her husband did not handle or have any control over these funds. Tr., pp. 86, 87.

The building of additional houses and the repair of houses on her separate property were all paid for by Mrs. Annie Risher out of her own funds. Tr., pp. 90, 91.

(2) The moneys deposited in the Ouachita National Bank at Monroe, La., were also her separate funds, under her sole control, and were carried to the bank by her and deposited to her credit in her individual account. Tr., p. 88.

The 239 checks filed in evidence, drawn by Howard Risher against his account in the Ouachita National Bank, were for moneys for rent that he had collected for other people. Mrs. Annie Risher had nothing to do with it. Tr., p. 87.

Howard Risher never drew any checks against the funds deposited by Mrs. Annie Risher in bank. He had no control over these funds. Tr., p. 89.

He had no money when he married Mrs. Annie Risher in 1887. His son, Sam, and his daughter, Mary Edith, came to live with them, and Howard Risher made about enough to pay household expenses. The son lived with them until he was fifteen or sixteen years old, and the daughter is still living there now. Tr., p. 90.

From the above state of facts, it is quite clear that the real estate in which petitioners claim an interest, as well as the deposits of Mrs. Annie Risher in bank, constitute her separate property and paraphernal funds, neither of which was ever administered or controlled by Howard Risher, the husband, nor by him and his wife indifferently. Whatever acts were done by Howard Risher as to the leasing of the property and the collection of the rents were done at the special instance of his wife, and as her agent. These rents or revenues, therefore, did not become a part of the common or

community *funds*, and petitioners have no interest in them, or in the real estate in dispute. R. C. C. art. 2386.

(3) In the last will and testament of Howard Risher, he bequeathed to each of petitioners and Sam Risher $5; to his wife, Mrs. Annie Risher, an undivided one-third of all of his property; and to his daughter, Mary Edith Risher, all other property possessed by the testator at his death.

■ Mary Edith Risher is also made a party defendant to this suit, for the reason that petitioners contend that they, and their brother and sister, are forced heirs to two-thirds of the estate of decedent, and that, as the special legacies in the will exceed the disposable portion, these bequests are null.

This contention is without merit, as it is specifically provided in article 1502 of the Civil Code that: "Any disposal of property, whether inter vivos or mortis causa, exceeding the quantum of which a person may legally dispose to the prejudice of the forced heirs, is not null, but only reducible to that quantum."

Besides, the property involved in this case is the separate property of Mrs. Annie Risher, and is wholly unaffected by the special bequests made in the last will and testament of her late husband.

We find no good reason to disturb that part of the judgment appealed from, decreeing the stud and the watch to be the separate property of Howard Risher.

Judgment affirmed.

O'NIELL, C. J., absent.