HELEN E. HYMAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 107504.    Promulgated April 21, 1942.

*Robert G. Polack, Esq.*, and *M. M. Dienes, C. P. A.*, for the petitioner.
*Homer J. Fisher, Esq.*, for the respondent.

OPINION.

VAN FOSSAN: The respondent determined a deficiency of $572.55 in petitioner's income tax for the year 1938. This determination was based chiefly on the holding that in the absence of administration of petitioner's separate property by her husband, such property maintained its separate character and income therefrom could not be reported as community income.

At the hearing petitioner admitted the correctness of respondent's adjustment as to an item of $873.91 "dues disallowed" and $107.97 capital gain. Respondent conceded error in adding to petitioner's income an item of $217.05 as "other income."

Petitioner is an individual residing in New Orleans, Louisiana, and during the taxable year was married and living with her husband, Harris Hyman. Louisiana is a community property state and petitioner and her husband filed their tax returns on that basis of reporting income.

During the taxable year petitioner received income from certain property consisting of stocks and bonds which she owned as her separate or paraphernal property, as it is called in the law of Louisiana. It was agreed that the only question presented by the record is whether, in fact, the separate property of petitioner was managed and administered by her husband.

Pertinent provisions of the Louisiana Civil Code are as follows:

Art. 2383. Definition.—All property which is not declared to be brought in marriage by the wife, or to be given to her in consideration of the marriage or to belong to her at the time of the marriage, is paraphernal.

Art. 2384. Wife's right to administer.—The wife has the right to administer personally her paraphernal property, without the assistance of her husband.

Art. 2385. Wife failing to administer paraphernal property.—Management by husband.—The paraphernal property, which is not administered by the wife separately and alone, is considered to be under the management of the husband.

Art 2386. Fruits of paraphernal property.—Ownership.—When the paraphernal property is administered by the husband, or by him and the wife indifferently, the fruits of this property, whether natural, civil, or the result of labor, belong to the conjugal partnership, if there exists a community of gains. If there do not, each party enjoys, as he chooses, that which comes to his hands; but the fruits and revenues, which are existing at the dissolution of the marriage, belong to the owner of the things which produce them. [As amended, Acts 1871, No. 87.]

Art. 2387. Wife.—Assumption of administration of paraphernal property.— The wife who has left to her husband the administration of her paraphernal property, may afterwards withdraw it from him.

\*      \*      \*      \*      \*      \*      \*

Art. 2402. Property forming community.—* * *. This partnership or community consists of the profits of all the effects of which the husband has the administration and enjoyment, either of right or in fact, of the produce of the reciprocal industry and labor of both husband and wife, and of the estate which they may acquire during the marriage, either by donations made jointly to them both, or by purchase, or in any other similar way, even although the purchase be only in the name of one of the two and not of both, * * *

In *Succession of Andrus*, 131 La. 939; 60 So. 623, the Supreme Court of Louisiana enunciated the rule as follows:

The profits of all the effect of which the husband has the administration and enjoyment, either of right or in fact, fall into the community. C. C. art. 2402. Hence the community quoad such effects, whether owned by the husband or the wife, occupies a position similar to that of an usufructuary. This is the jurisprudence of this court, and the rule of stare decisis forbids the reopening of the same question.

It has been held specifically that dividends from stock and interest from bonds owned by the wife fall into the community of acquets and gains where the husband has control of the property and collects the income therefrom. *In re Lynch* (W. Dist. La.), 3 Fed. (2d) 82.

The law of Louisiana is thus established that income from property belonging to the wife but managed or administered by the husband is community income.

**994**

The present record fully establishes that the management and administration of petitioner's separate property were entirely in the hands of her husband. Her husband had entire charge of all business affairs relating to such property and conducted all correspondence in reference to the same without conference with taxpayer unless it was necessary to have her signature to some legal document. The husband made purchases and sales and borrowed money on his wife's securities, often acting without her knowledge. He paid all bills, using the income from petitioner's property when necessary. The accountant who kept the records of petitioner's business transactions had no contact with petitioner and never met her or communicated with her until the day of the hearing, all of his instructions being received from the husband. The husband did not act as a mere agent of his wife (cf. *Risher* v. *Risher* (1934), 179 La. 1; 153 So. 1; *Guss* v. *Matthews* (1934), 179 La. 1033; 155 So. 765), nor did he act under a power of attorney.

The conclusion is inevitable that the administration of petitioner's separate property was entirely in the hands of her husband and that, accordingly, the income therefrom was community income.

Respondent advances the argument that even if the administration of the taxpayer's property was by the husband, she could reestablish her administration at any time and, therefore, she retained the real and ultimate control of the property and its enjoyment, citing *Helvering* v. *Clifford*, 309 U. S. 331. We are unmoved by this contention. We do not believe that the rule of the *Clifford* case should be so stretched as to comprehend the present situation.

*Decision will be entered under Rule 50.*