## LUCAS v. COMMISSIONER OF INTERNAL REVENUE.
### No. 10428.

Circuit Court of Appeals, Fifth Circuit.

March 12, 1943.

Rehearing Denied April 2, 1943.

Eugene J. McGivney, Louis C. Guidry, Solomon S. Goldman, and Monte M. Lemann, all of New Orleans, La., for petitioner.

William A. Clineburg, Sewall Key, and Helen R. Carloss, Sp. Assts. to Atty. Gen.; Samuel O. Clark, Jr., Asst. Atty. Gen.; and J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and John W. Smith, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

Louise P. Lucas petitions for review of a decision of the Board of Tax Appeals sustaining the Commissioner's determination of income tax deficiencies for the years 1936 and 1937 of $234.60 and $410.38, respectively. The taxpayer and her husband reside in Louisiana, a community property state. The income in question was from the wife's separate property located in Missouri, and was reported for income tax purposes as income of the community of acquets and gains. The Commissioner contends that the income should be taxed in full as the separate property of the wife.

Under Louisiana law, if the separate property of the wife is administered and enjoyed by the husband, gains and profits from it "fall into the community". La.Civ.Code, Arts. 2386, 2402; Succession of Andrus, 131 La. 940, 60 So. 623. If the wife's paraphernal property is not administered by her "separate and alone", it is considered to be under the management of the husband. La.Civ.Code, Arts. 2385, 2387; Breaux v. LeBlanc, 16 La.Ann. 145; Dart's Louisiana Digest, Marriage, Sec. 101. The controlling question stated by the Board in its decision, and urged here by the petitioner, is whether or not the separate property of Mrs. Lucas "was under the administration of her husband?"

The separate property involved consisted of investments, chiefly located in St. Louis, Missouri, in two family pools of securities, and a trust as to real estate. The taxpayer's husband testified that from time to time he called for money from the agent handling the property in Missouri; that funds received by him from the agent were deposited in a joint bank account and expended for the community; that Mrs. Lucas did not attempt to manage her separate property; and that the agent in Missouri did nothing respecting the property without consulting him. The testimony of the husband was vague and uncertain in many respects, but giving to it full weight and credence the question as to management and administration of the property should be answered and set at rest by adverting to the power of attorney and contract of agency entered into by the taxpayer, her sister, and two brothers, by which instrument they nominated a brother as attorney in fact and agent to "hold title in his own name", and "to manage and control the assets so scheduled for our joint interests, and to that end give him power to sell any of said assets, and to invest and reinvest the proceeds as he deems advisable in our joint interest." Certainly, this instrument, executed by Louise P. Lucas apparently after her marriage, evinces an intention on her part to vest the control, management, and administration of her separate property in someone other than her husband. Under the terms of this instrument the agent was not required to consult the husband of the taxpayer in and about the management of the property; and the husband did not give one specific instance where he had given advice to the agent. Nowhere does the record show that the husband administered this separate property "as if the property was his own". Miller v. Handy, 33 La.Ann. 160; Guss v. Mathews, 179 La. 1033, 1043, 155 So. 765; Risher v. Risher, 179 La. 1, 153 So. 1; Dodd v. Succession of Orillion, 14 La.Ann. 68.

The plain and unambiguous terms of the power of attorney, and the uninterrupted management of the agent acting thereunder, shows that the property was in fact managed by the agent of the wife. This showing clearly, completely, and fully answers the question in this case, and overturns and refutes any presumption that the property was under the administration and management of the husband. See Howard v. United States, 5 Cir., 125 F.2d 986, which discusses statutory presumptions; and compare Commissioner v. Skaggs, 5 Cir., 122 F.2d 721, which deals with income from real property.

 The petitioner failed to prove that her property was administered by her husband, and that the income was the property of the community. The Board properly sustained the deficiency determinations of the Commissioner.

Affirmed.