## COMMISSIONER OF INTERNAL REVE-NUE v. HYMAN.

### No. 10531.

Circuit Court of Appeals, Fifth Circuit.

April 24, 1943.

Helen R. Carloss, Sewall Key, and Willard H. Pedrick, Sp. Assts. to Atty. Gen.,

Samuel O. Clark, Jr., Asst. Atty. Gen., and J. P. Wenchel, Chief Counsel, and John M. Morawski, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for petitioner.

Monte M. Lemann, of New Orleans, La., for respondent.

Before SIBLEY, McCORD, and WALLER, Circuit Judges.

McCORD, Circuit Judge.

Helen E. Hyman and her husband, Harris Hyman, Jr., reside in Louisiana, a community property state. Income received in 1938 from Mrs. Hyman's paraphernal property was reported for income tax purposes as income of the community of acquets and gains. Asserting absence of administration of the wife's separate property by the husband, the Commissioner held the income to be taxable in full as the separate property of the wife, and determined an income tax deficiency against her for the year 1938. After a full hearing, the Board of Tax Appeals found that the separate property was administered by the husband, and held that the income from such property was community income and taxable as such. Hyman v. Commissioner, 46 B.T.A. 992. The Commissioner seeks reversal of that decision.

We are familiar with the questions presented by the petition for review. Income from separate porperty of a Louisiana wife was involved in the recent case of Lucas v. Commissioner, 5 Cir., decided March 12, 1943, 134 F.2d 319. We there pointed out that in Louisiana the fruits of paraphernal property of the wife fall into the community if the property is under the administration of the husband. La.Civ.Code, Arts. 2386, 2402. In that case the taxpayer-wife failed to prove that her separate property was under the administration of her husband; indeed, the record evidence disclosed that she had expressly vested administration of her property in someone other than her husband. On those facts this court affirmed the Board's decision which had determined the issues against the taxpayer.

In the case at bar decision below was for the taxpayer, the Board finding as a fact that the paraphernal property of Mrs. Hyman was entirely under the administration of her husband. Furthermore, Mrs. Hyman's proof as to administration by the husband is much stronger than was that of the taxpayer in the Lucas case. Here the record shows that the paraphernal prop-

erty of the taxpayer consisted of securities located in New Orleans, which securities the Commissioner now concedes were under the administration of the husband, and certain other securities held by the First National Bank of Chicago, Illinois, solely as custodian. The husband testified that he had complete charge of Mrs. Hyman's affairs; that he decided when securities were to be bought or sold, when income was to be collected, or when money was to be borrowed; that he issued instructions to the Chicago bank regarding the handling of securities held by it; and that Mrs. Hyman signed whatever papers he presented to her, and allowed him to handle her personal affairs "the same as I would my own". Coupons from the New Orleans securities were cut by the husband and deposited to his account. Income from the Chicago securities was credited to Mrs. Hyman's account by the bank, and from time to time such sums were withdrawn and deposited to Mr. Hyman's New Orleans account and paid out by him as he saw fit.

Mrs. Hyman testified that her husband handled her separate property and had "complete charge of everything".

The taxpayer's accounts were kept by an accountant employed by the husband, and it is shown that the accountant never received instructions from Mrs. Hyman, but always consulted with Mr. Hyman about the accounts. The accountant never met or communicated with Mrs. Hyman until the day of the hearing before the Board.

█ The Board's finding of administration of the paraphernal property by the husband is supported by clear and substantial evidence and will not be disturbed. Lucas v. Commissioner, supra, and cases cited; Wilmington Trust Company v. Commissioner, 316 U.S. 164, 62 S.Ct. 984, 86 L.Ed. 1352.

██ Under Louisiana law a wife has the right to administer her paraphernal property without the assistance of her husband, and if she does so the income from such property belongs to her alone. La.Civ. Code, Arts. 2384, 2385, 2386. If the husband is administering the paraphernal property, the wife may withdraw administration from him at any time, and subsequent income will be her separate property. La.Civ.Code, Art. 2387. The Commissioner therefore contends that, regardless of whether the husband is administering the paraphernal property, the income from it is taxable in full to the wife because she owns the income producing property and has the unfettered right under local law to determine its administration, either in herself or in her husband, thereby determining whether the income is to be her separate property or the property of the community. Relying upon Helvering v. Clifford, 309 U.S. 331, 60 S.Ct. 554, 84 L.Ed. 788; Helvering v. Horst, 311 U.S. 112, 61 S.Ct. 144, 85 L.Ed. 75, 131 A.L.R. 655; Helvering v. Eubanks, 311 U.S. 122, 61 S.Ct. 149, 85 L.Ed. 81; Corliss v. Bowers, 281 U.S. 376, 50 S.Ct. 336, 74 L.Ed. 916; Lucas v. Earl, 281 U.S. 111, 50 S.Ct. 241, 74 L.Ed. 731; and cases of similar import, the Commissioner contends that the wife has such a command over the securities and their future administration as to make the income taxable in full to her under Section 22(a) of the Revenue Act of 1938, 26 U.S.C.A. Int.Rev.Code § 22(a). This contention runs counter to the long settled and generally accepted construction of the income tax laws as applied to community income in Louisiana, and is without merit. If the taxpayer-wife does assume administration of her paraphernal property, future income from it will be hers and she will, of course, be taxable in full on it. She has made no such election here. She has left the administration to her husband, and under Louisiana law every cent of income from that property "fell into the community", vesting equally in the husband and the wife, and should be taxed accordingly—one half to the wife, one half to the husband. Bender v. Pfaff, 282 U.S. 127, 51 S.Ct. 64, 75 L.Ed. 252; Poe v. Seaborn, 282 U.S. 101, 51 S.Ct. 58, 75 L.Ed. 239; Hopkins v. Bacon, 282 U.S. 122, 51 S.Ct. 62, 75 L.Ed. 249.

The decision of the Board of Tax Appeals is affirmed.