## CHOATE *v.* COMMISSIONER OF INTERNAL REVENUE.

No. 93.   Argued January 2, 1945.—Decided January 29, 1945.

*Mr. James H. Yeatman* for petitioner.

*Mr. Joseph S. Platt,* with whom *Solicitor General Fahy, Assistant Attorney General Samuel O. Clark, Jr., Messrs. Sewall Key* and *Warren F. Wattles* were on the brief, for respondent.

Mr. Justice Douglas delivered the opinion of the Court.

In 1936 Choate and Hogan, a partnership of which the petitioner was a member, acquired an oil and gas lease. They drilled six producing wells on the leased land and operated the property until August 1938. At that time they sold to Sylva Oil Co. for a cash consideration of $110,-000 all their right, title and interest in the lease "together with all wells and the equipment thereof, including pumps, casing, piping, tanks, lease house, and all other personal property on or used in connection" with the premises. But they expressly reserved to themselves "1/8 of the 8/8ths of all oil and gas and casinghead gas which may be produced and saved" from the land. Thereafter Sylva Oil Co. drilled additional wells and operated the lease. Choate and Hogan in their partnership return for 1938 reported the transaction as a sale. Respondent in his deficiency notice ruled that the transaction constituted a sublease. The Tax Court took the same view, holding that the partners must look to depletion for the return of their capital. It held that the principle of recovery by depletion was applicable where a royalty interest was retained and that a cash bonus was to be regarded as in the nature of an advance royalty. It held, however, that there had been an absolute sale of the equipment, that its cost was not recoverable by depletion, and that the partners were entitled to an allowance for the unrecovered cost of the equipment transferred. The Commissioner challenged the latter ruling—in the Circuit Court of Appeals for the Tenth Circuit as respects Choate, in the Circuit Court of Appeals for the Fifth Circuit as respects Hogan. The Commissioner won in the Tenth Circuit (141 F. 2d 641) and lost in the Fifth. *Hogan* v. *Commissioner*, 141 F. 2d 92. It was to resolve that conflict that we granted the petition in the present case limited to that single question.

The Commissioner makes an elaborate argument based on the assumption that there was no sale of the equipment. The assumption is that after the partnership transferred its interest in the lease its investment was no longer in the leasehold and equipment as such but was an economic interest in an oil producing enterprise—an interest which is depletable since it is measured by the production of oil. But there are two difficulties with that argument. In the first place, we find nothing in the Revenue Act of 1938, 52 Stat. 447, or in the Treasury Regulations which provides for depletion of equipment used in the operation of oil and gas wells. A deduction is allowed for depreciation by § 23 (1) which permits a "reasonable allowance for the exhaustion, wear and tear of property used in the trade or business." And see Treasury Regulations 101, Art. 23 (m)–18. Sec. 23 (m) provides that in the case of "mines, oil and gas wells, other natural deposits, and timber, a reasonable allowance for depletion and for depreciation of improvements, according to the peculiar conditions in each case" may be taken as a deduction. And see Treasury Regulations 101, Art. 23 (m)–10. Depletion is applicable to wasting assets—to the exhaustion of natural resources, not of property used in a business. See 4 Mertens, Law of Federal Income Taxation (1942) § 24.02. That distinction between depletion and depreciation runs through the basis provisions of the Act. See § 111 (a), § 113 (a) and (b), § 114 (a) and (b). And the history of the depletion provisions indeed makes clear that only intangible drilling and development costs, not costs represented by physical property, are returnable by way of depletion. See *United States* v. *Dakota-Montana Oil Co.*, 288 U. S. 459; 4 Mertens, *op. cit.*, § 24.48; Treasury Regulations 101, Art. 23 (m)–16 (a). In the second place, the Tax Court found that the parties intended a cash sale of the equipment. That question is argued here as if it were open for redetermination by us. It is not. It is the

kind of issue reserved for the Tax Court under *Dobson* v. *Commissioner,* 320 U. S. 489, and *Wilmington Trust Co.* v. *Helvering,* 316 U. S. 164, 167–168. Once a sale of the equipment is conceded, it is not denied that petitioner is entitled to an allowance for the unrecovered cost of the equipment transferred. § 111 (a), § 113 (a) and (b). No question is presented concerning the allocation of a portion of the purchase price to the equipment.

*Reversed.*