LOUISIANA LAND AND EXPLORATION COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 4421.   Promulgated February 4, 1946.

*James H. Yeatman, Esq.*, for the petitioner.
*D. Louis Bergeron, Esq.*, for the respondent.

OPINION.

BLACK, *Judge*: The Commissioner has determined deficiencies in petitioner's income tax for the year 1939 of $38,005.51 and for the year 1940 of $23,508.48. These deficiencies were due to several adjustments made by the Commissioner to the net income as reported by petitioner on its income tax returns for the respective taxable years. Two of these adjustments were the addition to the net income, as reported by petitioner, of depletion of $81,941.17 disallowed for the year 1939 and $46,277.11 disallowed for the year 1940. The explanation of this adjustment is the same as to both years, that for 1939 being as follows:

(a) It is held that the share of 8⅓ percent in the net profits derived from the development and operation of certain oil properties by the Texas Company does not constitute the kind of interest in those oil properties which entitles you to a depletion allowance on such profits. Accordingly, the depletion which you deducted against the profits so received during the year 1939 has been disallowed.

Another adjustment made by the Commissioner which is in issue is an addition of $11,658.29 which the Commissioner made to petitioner's net income for the year 1939 as income from the assignment of certain leases. This adjustment was explained in the deficiency notice as follows:

(j) It is held that you realized taxable income in the year 1939 from the Bayou Des Allemands leases in the amount of $86,808.25, as set out below. Since you reported a gain of $75,149.96 from the assignment of said leases to the Stanolind Oil and Gas Company, your taxable income has been increased in the amount of $11,658.29.

The petitioner by appropriate assignments of error has contested each of the foregoing adjustments.

The facts have been stipulated and we adopt these facts as our findings of fact. The following facts are summarized from the stipulation for the purpose of making clear the two issues which are to be decided.

The petitioner is a corporation, organized and existing under the laws of the State of Maryland, with its principal office and place of business located in Houma, Louisiana. Petitioner filed a corporation income and excess profits tax return, Form 1120, for the calendar year 1939 and corporation income and declared value excess profits tax return, Form 1120, and corporation excess profits tax return, Form 1121, for the calendar year 1940, with the collector of internal revenue for the district of Louisiana, at New Orleans, Louisiana.

Respondent determined deficiencies in income tax for the year 1939 in the amount of $38,005.51 and for the year 1940 in the amount of $23,508.48. Notice thereof was sent to the petitioner by registered mail on January 14, 1944. A petition for redetermination was filed with this Court on April 3, 1944.

## *Issue 1.*

Prior to November 12, 1928, petitioner owned in fee simple certain lands situated in the southern part of southern Louisiana. Petitioner also owned on said date certain oil and gas leases covering the water bottoms situated within the area or vicinity of those lands. On November 12, 1928, petitioner entered into a contract with the Texas Co., hereinafter referred to as Texas, concerning said lands. Under the terms of the contract or agreement, petitioner reserved to itself an oil and gas royalty of one-fourth of the oil and gas produced from the properties operated by Texas, and in addition Texas agreed to pay petitioner 8⅓ percent of the net profits from the operations of the said leases. The contract was in full force and effect during the calendar years 1939 and 1940, except as to properties previously released in 1938 and not here involved. In addition to the payments made by Texas on the one-fourth royalty, it paid to petitioner $297,967.87 in 1939 and $168,280.39 in 1940 as its 8⅓ percent share in the net profits, which amounts were included in gross income on its returns. Petitioner claimed depletion of $81,941.17 for 1939 and $46,277.11 for 1940 on the above respective amounts, which depletion respondent disallowed.

## *Issue 2.*

On December 15, 1939, the petitioner assigned its undivided one-half interest in eight oil, gas, and mining leases which it held on Louisiana lands, together with all equipment in and on said leases, to the Stanolind Oil & Gas Co., hereinafter referred to as Stanolind. Stanolind paid petitioner as consideration for the assignments the sum of $201,878.74 in cash, and petitioner reserved and retained an overriding royalty of one thirty-second of all oil and gas produced and saved from the leases, together with an overriding royalty of 12½ cents per ton on sulphur and a one thirty-second royalty on all other minerals.

Petitioner's cost of the equipment on the leases was $115,734.30, against which there was a depreciation reserve of $21,507.15, leaving a balance of $94,227.15. Petitioner's leasehold costs of the leases were $40,842.34, less a one-sixteenth overriding royalty retained of $2,538.69, against which there was amortization of leasehold cost of $5,802.02, leaving a balance of $32,501.63. Petitioner treated the

transaction as a sale of the leases and of the equipment thereon and reported a profit in its 1939 return as follows:

| | | |
|---|---:|---:|
| Received from Stanolind | | $201, 878. 74 |
| Less costs of properties: | | |
| Leasehold | $32, 501. 63 | |
| Equipment | 94, 227. 15 | 126, 728. 78 |
| | | 75, 149. 96 |

Respondent in his notice of deficiency treated the transaction as a sublease and computed the gain as follows:

| | |
|---|---:|
| Received from Stanolind | $201, 878. 74 |
| Less cost depletion | 115, 070. 49 |
| Net income | 86, 808. 25 |
| Reported on return | 75, 149. 96 |
| Additional income | 11, 658. 29 |

Petitioner does not contest respondent's determination that its transaction with Stanolind was a sublease insofar as the mineral interests in the properties are concerned. Petitioner contends, however, that it disposed of all its rights, title, and interest in the equipment in the leases and that $94,227.15 (the undepreciated cost of the equipment) of the gross income of $201,878.74 received from Stanolind should be apportioned or allocated to the equipment, or that such gross income should be reduced by the undepreciated cost of the equipment and that the net gain or additional income from the transaction should be determined in the following manner:

| | |
|---|---:|
| Cash received from Stanolind | $201, 878. 74 |
| Undepreciated equipment | 94, 227. 15 |
| Balance | 107, 651. 59 |
| Less depletion at 27½ percent | 29, 604. 19 |
| Corrected profit | 78, 047. 40 |
| Previously reported on return | 75, 149. 96 |
| Additional profit | 2, 897. 44 |

Petitioner's corporation income and declared value excess profits tax for the calendar year 1940 was filed with the collector of internal revenue at New Orleans, Louisiana, on May 14, 1941, and the petitioner paid the income tax shown thereon as follows:

| | |
|---|---:|
| March 6, 1941 | $35, 000. 00 |
| March 14, 1941 | 10, 000. 00 |
| May 14, 1941 | 99, 444. 33 |
| Total | 144, 444. 33 |

Petitioner has not filed a claim for refund for the year 1940.

At the time this proceeding was heard in New Orleans on January 15, 1945, the parties agreed that the first issue, which involves the Commissioner's disallowance of depletion in both 1939 and 1940 on 8⅓ percent profits which petitioner received under the terms of its agreement with the Texas Co. was, in all essential respects, the same issue as was before this Court in *Kirby Petroleum Co.*, 2 T. C. 1258, then on review by the Fifth Circuit. Subsequent to the hearing of this proceeding in New Orleans, the Fifth Circuit reversed our decision in *Kirby Petroleum Co.*, one judge dissenting, 148 Fed. (2d) 80. The Supreme Court of the United States granted certiorari in that case and has now decided it. See *Kirby Petroleum Co.* v. *Commissioner*, 326 U. S. 599. The Court in the concluding part of its opinion said: "In our view, the 'net profit' payments in these cases flow directly from the taxpayers' economic interest in the oil and partake of the quality of rent rather than of a sale price. Therefore the capital investment of the lessors is reduced by the extraction of the oil and the lessors should have depletion."

It follows from the Supreme Court's decision in the above cited cases that petitioner must be sustained as to issue 1. The Commissioner is, therefore, reversed in his disallowance of 27½ percent depletion on these net profit payments which the petitioner received from the Texas Co. in 1939 and 1940.

The parties also seemed to be in agreement that the second issue was controlled by *Choate* v. *Commissioner*, 141 Fed. (2d) 641, which was then pending before the Supreme Court of the United States on writ of certiorari. Since the hearing in this proceeding the Supreme Court of the United States has reversed the decision of the Tenth Circuit. See *Choate* v. *Commissioner*, 324 U. S. 1. Respondent does not point out where the facts in the instant case are any different from what they were in the *Choate* case. A reading of that case discloses, in our opinion, no difference in substance between the two cases. We, therefore, hold in favor of petitioner on issue 2 and find that the additional profit on which it should be taxed by reason of the assignment of the leases, together with all equipment situated thereon, to Stanolind is $2,897.44, instead of $11,658.29 as computed by the Commissioner in his deficiency notice. Cf. *Hogan* v. *Commissioner*, 141 Fed. (2d) 92.

As we have already pointed out there were several other adjustments made by the Commissioner in his determination of the deficiencies which were either not contested in the petition or have now been agreed upon by the parties in stipulations filed herein. Effect will be given to these matters upon which there is no disagreement in a recomputation under Rule 50.

*Decision will be entered under Rule 50.*