## LAZARD v. COMMISSIONER OF INTERNAL REVENUE.
### No. 11442.

Circuit Court of Appeals, Fifth Circuit.

Feb. 8, 1946.

Rehearing Denied April 15, 1946.

Sidney L. Herold, of Shreveport, La., for petitioner.

L. W. Post and Helen R. Carloss, Sp. Assts. to Atty. Gen., and Sewall Key, Acting Asst. Atty. Gen., and J. P. Wenchel, Chief Counsel, Bur. Int. Rev., and Bernard D. Daniels, Sp. Atty., Bur. Int. Rev., both of Washington, D. C., for respondent.

Before SIBLEY, HOLMES, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

This appeal involves income taxes for the years 1940 and 1941.

The question presented: Was income in the form of royalties from oil property which was the separate property of the taxpayer community income, only one-half of which is taxable to her, or separate income taxable in full to the taxpayer under Section 22(a) of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 22(a)?

Mrs. Rosemary Herold Lazard, the taxpayer, was married in 1927 to Jules C. Lazard, the marriage terminating only by the death of the husband in March, 1944.

In the year 1940, the taxpayer reported, among other income, the receipt of $6,327.-71 of oil royalties as community income, and included one-half thereof in her re-

turn. During the year 1941, she likewise reported the receipt by the community of oil royalties in the amount of $4,966.42. The Commissioner allowed the statutory percentage for depletion, but held that the oil royalties were separate income of the taxpayer and not community income, and therefore for each of the years treated the entire amount of royalties, less depletion, as the separate income of the taxpayer.

The evidence was stipulated, and the Tax Court agreed with the Commissioner, that the royalties were the separate property of the taxpayer instead of community income.

The royalties in question were derived from and received by the taxpayer from a tract of land known as the Schuler-Triangle lease in Bossier Parish, Louisiana. The father of the taxpayer was the owner of an undivided one-fifth interest in the oil, gas and mineral rights in the property, which consists of 80 acres, and with his co-owners of such mineral rights, leased the same to the Triangle Drilling Company. The lessee proceeded early in 1938 to drill on the land, and in that year succeeded in producing oil in paying quantities. During the year 1938, taxpayer's father donated to her his undivided one-fifth interest in the minerals in the 80 acre tract, subject to the lease of the Triangle Drilling Company. All of the royalties in question accrued from the production of oil by the lessee on the tract, and the monthly checks therefor were sent by the lessee to the taxpayer, these checks representing the proceeds of the royalty oil produced and sold under the regular form of division orders. The checks for such royalty, payable to the order of the taxpayer, were endorsed by her and turned over to her husband for deposit in his bank account, and the proceeds thereof were commingled with his earnings and used indifferently for family expenses and other expenditures or "debts incurred by husband and/or wife." The taxpayer for the years 1940 and 1941 owned no other separate property than the oil property here adverted to.

 Under Louisiana law, if the separate property of the wife is administered and enjoyed by the husband, gains and profits from it become community property. Civil Code Louisiana, Arts. 2386, 2402.

 Under Louisiana law, if the wife's paraphernal property is not administered by her separately and alone, it is considered to be under the management of the husband. Civil Code of Louisiana, Arts. 2385, 2387.

 What is meant by leaving the administration of the wife's property to the husband is the exercise of a voluntary election by which the wife abandons her own rights of authority and control and suffers the husband to manage, not as her agent and subject to her authority, but as if the property were his own. Miller v. Handy, 33 La.Ann. 160, 164; Risher v. Risher, 179 La. 1, 153 So. 1; Guss v. Mathews, 179 La. 1033, 155 So. 765.

The property here in question was given to the wife by her father, and when the title was vested in her the property had already been leased and oil had been produced on the property. Each month the taxpayer received a check for her oil royalties. The husband had absolutely nothing to do with the management, control or supervision of the property. He in no wise and in no way, so far as the stipulation shows, exercised administration over it.

 The question as to whether the husband managed the property as if it were his own is one of fact and the Tax Court's decision should not be disturbed if supported by substantial evidence. Lucas v. Commissioner, 5 Cir., 134 F.2d 319; Commissioner v. Hyman, 5 Cir., 135 F.2d 49; Howard v. United States, 5 Cir., 125 F.2d 986; McFaddin v. Commissioner, 5 Cir., 148 F.2d 570.

We held in the Howard case that [125 F.2d 991], "The facts stipulated by the parties in this case take the place of evidence, and supply the bases for two inferences: (1) that the policies, being acquired during the marriage state, were community property; (2) that the premiums paid thereon were derived from community funds deposited in bank to the checking account of the husband. These inferences merely cast upon the opposite party the duty of producing some evidence to the contrary, and would yield readily to such evidence, but none is offered." In the instant case we have abundant evidence that the oil royalties coming to the wife were from her separate estate, paid to her, and so far as the stipulation shows, the husband never communicated in any way with the lessee of her property. Manifestly, the Howard and McFaddin cases support our contention here.

350

The taxpayer did not discharge the burden which rested upon her of proving that the property was administered by her husband, or by him "and the wife indifferently." There is substantial evidence to support the judgment of the Tax Court, and it should not be disturbed. Dobson v. Commissioner, 320 U.S. 489, 64 S.Ct. 239, 88 L.Ed. 248; Choate v. Commissioner, 324 U.S. 1, 65 S.Ct. 469; Commissioner v. Scottish American Investment Co., 323 U.S. 119, 65 S.Ct. 169; John Kelley Co. v. Commissioner, 66 S.Ct. 299.

We find no reversible error in the record, and the judgment of the Tax Court is affirmed.