MELANIE DENNERY MARKS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 6383.   Promulgated June 26, 1947.

*Gibbons Burke, Esq.,* for the petitioner.
*D. Louis Bergeron, Esq.,* for the respondent.

## OPINION.

Disney, *Judge*: During the taxable years petitioner received income from certain property consisting mainly of stocks in two family corporations, an interest in a family "pool" or informal partnership, and interest from insurance proceeds, left on deposit with insurance companies, which she owned as her separate or paraphernal property, as it is called in the law of Louisiana. The only question presented is whether the separate property of petitioner was "administered" by her husband.

Pertinent provisions of the Louisiana Civil Code are as follows:

Art. 2383. Definition.—All property which is not declared to be brought in marriage by the wife, or to be given her in consideration of the marriage or to belong to her at the time of the marriage, is paraphernal.

Art. 2384. Wife's right to administer.—The wife has the right to administer personally her paraphernal property, without the assistance of her husband.

Art. 2385. Wife failing to administer paraphernal property—Management by husband.—The paraphernal property, which is not administered by the wife separately and alone, is considered to be under the management of the husband.

Art. 2386. Fruits of paraphernal property—Ownership.—When the paraphernal property is administered by the husband, or by him and the wife indifferently, the fruits of this property, whether natural, civil, or the result of labor, belong to the conjugal partnership, if there exists a community of gains. If there do not, each party enjoys, as he chooses, that which comes to his hands; but the fruits and revenues, which are existing at the dissolution of the marriage, belong to the owner of the things which produce them. [As amended, Acts 1871, No. 87.]

Art. 2387. Wife—Assumption of administration of paraphernal property.— The wife who has left to her husband the administration of her paraphernal property, may afterwards withdraw it from him.

*       *       *       *       *       *       *

Art. 2402. Property forming community. * * * This partnership or community consists of the profits of all the effects of which the husband has the administration and enjoyment, either of right or in fact, of the produce of the reciprocal industry and labor of both husband and wife, and of the estate which they may acquire during the marriage, either by donations made jointly to them both, or by purchase, or in any other similar way, even although the purchase be only in the name of one of the two and not of both * * *.

Petitioner relies on the one case of *Commissioner* v. *Hyman*, 135 Fed. (2d) 49, which affirmed the opinion of the Board of Tax Appeals, 46 B. T. A. 992. The question there was the same as in the instant case. The court in the *Hyman* case held that the taxpayer's husband managed and administered her separate property, and the facts were recited in the opinion of the Board as follows:

* * * Her [taxpayer] husband had entire charge of all business affairs relating to such property and conducted all correspondence in reference to the same without conference with taxpayer unless it was necessary to have her signature to some legal document. The husband made purchases and sales and borrowed money on his wife's securities, often acting without her knowledge. He paid all bills, using the income from petitioner's property when necessary. The accountant who kept the records of petitioner's business transactions had no contact with petitioner and never met her or communicated with her until the day of the hearing, all of his instructions being received from the husband. The husband did not act as a mere agent of his wife (cf. *Risher* v. *Risher* (1934), 179 La. 1; 153 So. 1; *Guss* v. *Matthews* (1934), 179 La. 1033; 155 So. 765), nor did he act under a power of attorney.

Article 2385 raises a presumption that the administration of the wife's separate property is under the management of the husband if the wife fails to administer it separately and alone. In *Bank of Coushatta* v. *Coats*, 170 La. 163; 127 So. 587, it appears that all that it is necessary to show is that the wife disavows any claim of management of her paraphernal property and with such arises the presumption that the separate property is under the administration of the husband. However, in a later decision, the Court of Appeals of Louisiana, in *Trorlicht* v. *Collector of Revenue*, 25 So. (2d) 547, recognized the presumption, but stated that the question depended on "whether the husband had a hand in the management or administration of the separate property of the wife." In other words, the question is one of fact. *Rosemary Herold Lazard* v. *Commissioner*, 153 Fed. (2d) 348, holds that the presumption under the Louisiana Code that the husband is administering the separate property of the wife is not sufficient to overcome the presumption of correctness of the Commissioner's determination.

The *Lazard* case makes the following comment as to what is meant by leaving the administration of the wife's property to the husband:

What is meant by leaving the administration of the wife's property to the husband is the exercise of a voluntary election by which the wife abandons her own rights of authority and control and suffers the husband to manage, not as

her agent and subject to her authority, but as if the property were his own. *Miller* v. *Handy*, 33 La. Ann. 160, 164; *Risher* v. *Risher*, 179 La. 1; *Guss* v. *Mathews*, 179 La. 1033.

The court in the *Trorlicht case* held that the facts did not show that the husband, either separately and alone or indifferently with the wife, administered the property. The court had the following to say as to its holding on the facts:

\* \* \* We say this because we think that the mere clipping of coupons from bonds or the assisting of the wife in going to the bank box, or the giving of advice now and then, does not constitute such an administration by the husband as is contemplated by the Code \* \* \*.

The Supreme Court of Louisiana, in *Guss* v. *Mathews*, 179 La. 1033; 155 So. 765, made the following statement in holding that the husband did not administer the wife's separate property:

\* \* \* The testimony shows, however, that the husband never at any time administered this property. On the contrary, it was always under the control and management of Mrs. Mathews. After the couple left Jonesville, where all the property was situated, it was looked after by relatives of Mrs. Mathews, who collected the major portion of the revenues and remitted them to her by check at Bunkie, La. Some of these checks went into the hands of Mr. Mathews, who cashed them and used the proceeds. Mrs. Mathews testified that she always consulted her husband with reference to business transactions, but that she had never at any time left her property to his management. He gave testimony to the same effect, and their testimony is corroborated by that of her relatives in Jonesville who looked after the property for her.

Using these cases as a guide as to what does and does not constitute the administration or management of the wife's separate property by the husband, within the intendment of the statute, we conclude, after examination of all facts of record, that the husband of petitioner here exercised such control over her separate property that the income therefrom should be considered as constituting part of the community income. As noted above, the question is one of fact. It is evident that the husband took an active part in the management of her separate property. He is well acquainted with business operations because of the position he holds with the insurance company with which he is connected. He was elected to the board of directors of the two family corporations in which petitioner owned stock and he owned none. The same is true for the family "pool" or informal partnership. Petitioner owned a substantial interest, while the husband owned no interest, yet he was elected to a place on its managing board. She was not a director in either corporation. Her husband served as director of the corporations and as manager of the "pool" only to take care of his wife's interests. Recently in *Clay* v. *United States*, 161 Fed. (2d) 607, a Louisiana community property case, the court, in concluding there was no management by the husband, indicated that it considered im-

portant the facts that the husband was not a director of corporations from which the wife's paraphernal income was obtained, and attended stockholders' meetings thereof with his wife's express power of attorney. Here, the facts are to the contrary. He was a director and did not act under her power of attorney. We think the husband did not merely conduct her affairs as her agent, but had general management within that term in the statute.

*Decision will be entered for the petitioner.*