### COMMISSIONER OF INTERNAL REVENUE v. RAINIER BREWING CO.
### No. 11547.

Circuit Court of Appeals, Ninth Circuit.
Feb. 18, 1948.

For former opinion, see 165 F.2d 217.

Theron L. Caudle, Asst. Atty. Gen., and Sewall Key, Lee A. Jackson, Melva M. Graney, and I. Henry Kutz, Sp. Assts. to Atty. Gen., for petitioner.

A. Calder Mackay, Arthur McGregor, Howard W. Reynolds, and Adam Y. Bennion, all of Los Angeles, Cal. (F. Sanford Smith and Clifford J. MacMillan, both of San Francisco, Cal., of counsel), for respondent.

Before DENMAN, HEALY and BONE, Circuit Judges.

PER CURIAM.

Petitioner for rehearing asserts that the rule established in Dobson v. Commissioner, 320 U.S. 489, 502, 64 S.Ct. 239, 88 L.Ed. 248; Bingham's Trust v. Commissioner, 325 U.S. 365, 370, 65 S.Ct. 1232, 89 L.Ed. 1670, 163 A.L.R. 1175 and Choate v. Commissioner, 324 U.S. 1, 65 S.Ct. 469, 89 L. Ed. 653, does not apply because the probative facts relied upon by the Tax Court are undisputed. We do not agree.

In Boehm v. Commissioner, 326 U.S. 287, 293, 66 S.Ct. 120, 124, 90 L.Ed. 78, 166 A. L.R. 708, a case of undisputed facts, the Supreme Court states "The circumstance that the facts in a particular case may be stipulated or undisputed does not make this issue any less factual in nature. The Tax Court is entitled to draw whatever inferences and conclusions it deems reasonable from such facts. And an appellate court is limited, under familiar doctrines, to a consideration of whether the decision of the Tax Court is 'in accordance with law.' 26 U.S.C. § 1141(c) (1), 26 U.S.C.A.Int.Rev. Code, § 1141(c) (1). If it is in accordance, it is immaterial that different inferences and conclusions might fairly be drawn from the undisputed facts. Commissioner v. Scottish American Inv. Co., 323 U.S. 119, 65 S. Ct. 169 [89 L.Ed. 113].

And again in a similar case, Kelley Co. v. Commissioner, 326 U.S. 521, 529, 530, 66 S.Ct. 299, 364, 90 L.Ed. 278, "There would hardly need to be experts in tax affairs to decide questions of date or amounts or values or to calculate rates. Their usefulness lies primarily in their ability to examine relevant facts of business to determine whether or not they come under statutory language. * * * The Tax Court decisions merely declare that the undisputed facts do or do not bring the payments under the definition of interest or dividends. * * * There is no one characteristic * * * which can be said to be decisive in the determination of whether the obligations are risk investments in the corporations or debts. * * * Such situations seem to us to fall within the Dobson rule."

This case is of the character described in Bingham's Trust v. Commissioner, supra, 325 U.S. at page 370, 65 S.Ct. at page 1235, of hybrid questions of mixed law and fact whose " * * * resolution, because of the fact element involved, will usually afford little concrete guidance for future cases, and reviewing courts will set aside the decisions of the Tax Court only when they announce a rule of general applicability, that the facts found fall short of meeting statutory requirements. Dobson v. Commissioner, supra, 320 U.S. [489], 502, 48 S. Ct. 247 [239], 88 L.Ed. 248; Commissioner v. Estate of Bedford, ante, 325 U.S. 283, 65 S.Ct. 1157 [89 L.Ed. 1611]; cf. Paul, 'Dobson v. Commissioner,' 57 Harv.Law Rev. 753, at 828–832, 836, 837."

And earlier in Commissioner v. Scottish American Inv. Co., 323 U.S. 119, 125, 65 S.Ct. at page 172, "The decision as to the facts in this case, like analogous ones that preceded it, is of little value as precedent. The factual pattern is to decisive and too decisive and too varied from case to case to warrant a great expenditure of appellate court energy on unravelling conflicting factual inferences. The skilled judgment of the Tax Court, which is the basic factfinding and inference-making body, should thus be given wide range in such proceedings."

The petition for rehearing is denied.