### SEATTLE BREWING & MALTING CO. v. COMMISSIONER OF INTERNAL REVENUE.

#### No. 11467.

Circuit Court of Appeals, Ninth Circuit.

Feb. 18, 1948.

For former opinion see 165 F.2d 216, affirming the decision of Tax Court in 6 T.C. 856.

Jones & Bronson, H. B. Jones, A. R. Kehoe, R. B. Hooper, Chadwick, Chadwick & Mills, and Stephen F. Chadwick, all of Seattle, Wash., for petitioner.

Theron L. Caudle, Asst. Atty. Gen., and Sewall Key, Lee A. Jackson, Melva M. Graney, and I. Henry Kutz, Sp. Assts. to Atty. Gen., for respondent.

Before DENMAN, HEALY and BONE, Circuit Judges.

#### PER CURIAM.

Petitioner urges that the Tax Court did no more than construe the terms of an undisputed contract for the licensing of the use of the name "Rainier" in its brewing business in the State of Washington. We do not agree. The findings and opinion disclose that the facts adduced at the hearing and by stipulation of the character of the business prior to and during the existence of the contract and of the objectives of the respective boards of directors of the two contracting parties, were an essential part of the adjudicating process of the Tax Court in reaching its decision. What we said in denying the petition for rehearing in Commissioner v. Rainier Brewing Co., 9 Cir., 166 F.2d 324, here applies. This is clearly the class of case described in Commissioner v. Scottish American Inv. Co., 323 U.S. 119, 125, 65 S.Ct. 169, 172, 89 L.Ed. 113, "The decision as to the facts in this case, like analogous ones that preceded it, is of little value as precedent. The factual pattern is too decisive and too varied from case to case to warrant a great expenditure of appellate court energy on unravelling conflicting factual inferences. The skilled judgment of the Tax Court, which is the basic fact-finding and inference-making body, should thus be given wide range in such proceedings."

The petition for rehearing is denied.